PRECON, INC., Plaintiff-Appellee,

v.

**JRS REALTY TRUST,**
**Defendant-Appellant.**

**In re Michael BROWN.**

**Roy W. BAGLEY, Appellant,**

v.

**Geraldine BAGLEY, et al., Appellees.**

Civ. Nos. 84–0085–P, 84–0058–P
and 84–0056–P.

United States District Court,
D. Maine.

Jan. 4, 1985.

See also Bkrtcy.App., 26 B.R. 655.

**848**

Francis Jackson, Westbrook, Me., for Roy Bagley.

William H. Howison, Stephen L. Hunt, Portland, Me., for Geraldine Bagley.

P. Benjamin Zuckerman, Portland, Me., for Maine Savings Bank.

Dennis G. Bezanson, South Portland, Me., for Brown.

Stanley Greenberg, Portland, Me., for Sears, Roebuck & Co.

U. Charles Remmel, II, Portland, Me., for Precon, Inc.

Walter R. May, Boston, Mass., Jeffrey T. Edwards, Portland, Me., for JRS Realty Trust.

Harvey Putterbaugh, Peter W. Greenleaf, Asst. U.S. trustee.

Peter Fessender, trustee.

## OPINION AND ORDER

GENE CARTER, District Judge.

These cases present the latest episode, following the decision in *Northern Pipeline Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in the effort of Congress and the courts to unravel the jurisdictional complexities of the bankruptcy law. Noting a probable lack of jurisdiction in these cases, the Court conducted a hearing on the question whether the district court has jurisdiction over appeals pending therein immediately prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984) (hereinafter cited as the 1984 Act). After careful consideration of the 1984 Act and the oral and written arguments of the parties, the Court has determined it may exercise appellate jurisdiction in these cases.

### I. PROCEDURAL HISTORY

A. *In Re Precon, Inc.*, No. 84–0085–P

Plaintiff Precon, Inc. is a Chapter 11 debtor who brought this action in the United States Bankruptcy Court, District of Maine, on January 5, 1981, seeking recovery of the balance due on a contract. The bankruptcy court ordered judgment for the Plaintiff in the amount of $75,622.06 plus interest and costs on August 23, 1982.[1]

---

1. *Northern Pipeline* was decided on June 28, 1982, but the Supreme Court's judgment was

Defendant JRS Realty Trust filed a Notice of Appeal to the District Court on September 29, 1982. Apparently realizing that, under bankruptcy procedures *then* in effect in the First Circuit, appeal should have been noticed to the Bankruptcy Appellate Panel for the First Circuit, Defendant filed a Notice of Appeal to the Appellate Panel on October 21, 1982. The District Court (per Gignoux, J.) subsequently dismissed the first appeal on November 25, 1982. The bankruptcy court then granted Defendant's Motion to Extend Time for appeal on November 16, 1982, which properly placed the case before the Appellate Panel for review.

While the appeal was pending before the Appellate Panel, the First Circuit decided *Commonwealth v. Dartmouth House Nursing Home, Inc.*, 726 F.2d 26 (1st Cir. 1984). The Court of Appeals held that the order of the Circuit Council for the First Circuit requiring the district courts to adopt an emergency bankruptcy rule implicitly withdrew from the Bankruptcy Panel the authority to hear appeals. *Id.* at 29. Accordingly, on March 6, 1984, the clerk of the Appellate Panel, pursuant to the directive of the Court of Appeals, transferred this case to this Court for resolution. *See, id.*, at 30, n. 6. Therefore, the *Precon* case was pending, after March 6, 1984, *in the District Court* for the District of Maine on an appeal from the decision of the Bankruptcy Judge dated August 20, 1982.

### B. *In Re Michael Brown*, No. 84–0058–P

The debtor's Chapter 13 plan was confirmed by the Memorandum decision of the bankruptcy court on September 2, 1983, over the objection of Appellant Sears, Roebuck & Co., a general unsecured creditor of the debtor. Sears filed a Notice of Appeal to this Court in the bankruptcy court on January 16, 1984. The clerk of the bankruptcy court certified and filed the pleadings of the bankruptcy court in this Court on February 15, 1984.

### C. *In Re Roy W. Bagley*, No. 84–0056–P

On January 13, 1984, Plaintiff Roy W. Bagley filed a Notice of Appeal to this Court from a final judgment of the bankruptcy court dated January 3, 1984. The clerk of the bankruptcy court certified and filed the pleadings of the bankruptcy court in this Court on February 14, 1984.

### II. *Jurisdiction*

As the foregoing procedural history demonstrates, these cases were all pending on appeal in the District Court for the District of Maine immediately before the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 on July 10, 1984. The issue is whether the 1984 Act, or any prior law still in effect, confers jurisdiction upon this Court to hear these appeals.

It is a fundamental principle of our federal judicial system that federal courts are empowered to hear only those cases that have been entrusted to them in an affirmative jurisdictional grant from Congress. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982); *Turner v. Bank of North America*, 4 Dall. (4 U.S.) 7, 1 L.Ed. 717 (1799). When a statute conferring jurisdiction is repealed without any reservation as to pending cases, a court is divested of jurisdiction in all pending cases. *Bruner v. United States*, 343 U.S. 112, 72 S.Ct. 581, 96 S.Ct. 786 (1952); *Ex Parte McCardle*, 7 Wall. (74 U.S.) 506, 514, 19 L.Ed. 264 (1869); *Insurance Co. v. Ritchie*, 5 Wall. (72 U.S.) 541, 18 L.Ed. 540 (1867).

Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, jurisdiction over these cases would have been governed by 28 U.S.C. § 1471(b) and, after *Northern Pipeline*, by the provisions of interim Local Rule 41. This Court, however, found Rule 41 also to be invalid and therefore ineffective as a basis for the exercise of jurisdiction by the

---

stayed at the time the Bankruptcy Court entered judgment in this matter. 458 U.S. at 88, 102 S.Ct. at 2880. Because *Northern Pipeline* does

not have retroactive effect, *id.*, there is no question raised here as to the validity of the final judgment entered by the Bankruptcy Court.

District Court over both "core" matters and "related" matters. *In re South Portland Shipyard and Marine Railways, Inc.*, 32 B.R. 1012 (D.Me.1983); *Romeo J. Roy, Inc. v. Northern National Bank*, 32 B.R. 1008 (D.Me.1983).

Both of the latter cases were appealed to the United States Court of Appeals for the First Circuit, which consolidated them on appeal and rendered its opinion after the enactment of the 1984 Act. *Romeo J. Roy, Inc. v. Northern National Bank*, 740 F.2d 111 (1st Cir.1984). In the opinion in that case the Court did not address the merits of this Court's decisions in those cases with respect to the validity of interim Local Rule 41. Rather, the Court concluded that "[t]he recent passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984), moots the present appeal." [2] *Id.* at 112. The Court explained its decision in that respect as follows:

> Because Rule 41 of the Local Rules was explicitly limited in duration "until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in *Northern Pipeline Construc-*

tion Company v. Marathon Pipeline Co.," the rule has lapsed. We decline to review the constitutionality of a rule that no longer has any operative effect.

*Id.* (emphasis added).

The Court then stated that, due to the fact that Local Rule 41 had lapsed upon enactment of the Act of 1984, jurisdiction in bankruptcy is governed exclusively by "the Bankruptcy Amendments and Federal Judgeship Act of 1984" which provides that all bankruptcy filings be made in the district courts. *Id.* The Court pointed specifically to the transitional provisions of § 115(a) of the Act of 1984, which provide as follows:

> *Sec. 115.* (a) On the date of the enactment of this Act the appropriate district court of the United States shall have jurisdiction of—
>
> (1) cases, and matters and proceedings in cases, under the Bankruptcy Act that are pending immediately before such date in the bankruptcy courts continued by section 404(a) of the Act of November 6, 1978 (Public Law 95–598; 92 Stat. 2687), and

**2.** That proposition has obvious vitality as to cases pending in either the bankruptcy or district courts *after* the passage of the 1984 Act. One strains unsuccessfully to comprehend how it can be valid, however, as to *Roy* itself. In that case jurisdiction was *necessarily* predicated solely upon Local Rule 41, the statutory basis for jurisdiction there, 28 U.S.C. § 1471(b), having been invalidated by the decision in *Northern Pipeline,* and the interim Local Rule having been promulgated to fill the jurisdictional void created by that decision. The issue in *Roy* was whether Local Rule 41 was constitutionally valid as applied to that case. This Court answered the question in the negative and ordered the case dismissed.

An appeal was taken to the Court of Appeals, which had two consequences: (1) delay of the finality of this Court's dismissal of the case; and (2) divestiture of this Court of jurisdiction over the case. These consequences remained in existence at least until August 7, 1984, when the decision of the Court of Appeals was issued. Section 115 (or §§ 157 and 158) of the 1984 Act could not be operative as to the case, by their express terms, so long as the case was on appeal because the appeal divested the lower courts of jurisdiction over the case. The statute could become effective as to the *Roy* case only after a

remand from the Court of Appeals. The issue of the validity of Local Rule 41, it being the sole basis of any exercise of jurisdiction over *that case,* would not appear to be moot. A decision on the merits would seem to be required to achieve a remand to the district court. If the Court of Appeals affirmed the district court decision, the dismissal of the case entered in the district court would become final, absent a further appeal. In that event, the case would not be returned to the district court. If, on the other hand, the district court's decision was reversed or vacated on the merits, the case would be remanded to the district court. Such a remand, if it occurred after August 1, 1984, would make the case subject to the district court's referral order of that date pursuant to § 157 of the 1984 Act and § 158 would operate to again confer jurisdiction upon the district court on the rationale of Part II(D), *infra,* of this opinion. It seems inescapable as a matter of analysis that a decision on the merits was necessary to achieve that result in that case.

The conundrum need not be resolved here. The doctrine of mootness may, in any event, depend more for its applicability to *Roy,* and cases in its posture, upon considerations of perceived judicial policy than upon analysis.

(2) cases under title 11 of the United States Code, and proceedings arising under title 11 of the United States Code or arising in or related to cases under title 11 of the United States Code, that are pending immediately before such date in the bankruptcy courts continued by section 404(a) of the act of November 6, 1978 (Public Law 95–598; 92 Stat. 2687).

(b) On the date of the enactment of this Act, there shall be transferred to the appropriate district court of the United States appeals from final judgments, orders, and decrees of the bankruptcy courts pending immediately before such date in the bankruptcy appellate panels appointed under section 405(c) of the Act of November 6, 1978 (Public Law 95–598; 92 Stat. 2685 [sic]).

Pub.L. No. 98–353, 98 Stat. 343. The Court concluded, "This language removes the District Court's concern over exercising jurisdiction in cases filed in the bankruptcy courts." 740 F.2d at 112.

Section 115(a)(1) and (2) of the 1984 Act vest in the district court jurisdiction over matters in each of two categories of cases pending "in the bankruptcy courts immediately before" the date of "the enactment of this Act." Clearly, section 115(a) does not vest jurisdiction in the district court in these cases because the cases were not, on the operative date, pending in the bankruptcy court. The procedural history of the cases previously set out establishes that they were then pending in the District Court for the District of Maine.

Congress addresses in Section 115(b) of the 1984 Act the vesting of jurisdiction in the district court of certain cases *on appeal* from the bankruptcy courts. The language describing such cases states that the cases over which the district court is to have jurisdiction under subsection (b) are "appeals from final judgments, orders and decrees of the bankruptcy courts *pending immediately before* [the date of the enactment of this Act] *in the bankruptcy appellate panels* appointed under section 405(c) of the Act of November 6, 1978 (Pub.L. No.

95–598; 92 Stat. 2685)." 98 Stat. 343 (emphasis added). Clearly, jurisdiction over these cases is not vested in the district court by this provision because these cases were not pending on the operative date before any appellate panel. Rather, they were pending before the district court.

It thus appears that section 115 had a limited purpose. It was intended only to *transfer* cases from tribunals which would no longer have a separate existence after enactment of the 1984 Act. It is apparent that Congress perceived no need to transfer cases, such as these, that were already pending in the district courts on the date of the enactment of the 1984 Act. In view of its limited purpose, section 115 cannot serve as the jurisdictional foundation in these cases.

### B.

This Court also rejects an alternative construction of section 115(a)(1) which would vest jurisdiction of these appeals in this Court. Section 115(a)(1) of the 1984 Act confers jurisdiction upon the district courts of cases pending immediately before the date of enactment of the 1984 Act "in the *bankruptcy courts* continued by section 404(a)" of the 1978 Act. (Emphasis added.) Section 404(a) of the 1978 Act provides:

The *courts of bankruptcy, as defined under section 1(10) of the Bankruptcy Act,* created under section 2a of the Bankruptcy Act, and existing on September 30, 1979, shall continue through June 28, 1984, to be the courts of bankruptcy for the purposes of this Act and the amendments made by this Act. Each of the courts of bankruptcy so continued shall constitute a separate department of the district court that is such court of bankruptcy under the Bankruptcy Act.

(Emphasis added.) Pub.L. No. 95–598, 92 Stat. 2683, as amended by Pub.L. No. 98–325, 98 Stat. 268 (1984). Section 1(10) of the Bankruptcy Act provides:

"Courts of bankruptcy" *shall include the United States district courts* and the district courts of the Territories and

possessions to which this Act is or may hereafter be applicable;

(Emphasis added.) Assuming, without deciding, that the "bankruptcy courts" referred to in section 115(a)(1) of the 1984 Act are the same as "courts of bankruptcy" defined in section 1(10) of the Bankruptcy Act, then section 115(a)(1) may be, it is suggested, construed to continue the jurisdiction of the district court to decide appeals that were pending in the district court, functioning as a "court of bankruptcy," immediately before the enactment of the 1984 Act on July 10, 1984. The most obvious problem with this approach is that section 404(a) of the 1978 Act, as amended, continues the "courts of bankruptcy" only until *June 28*, 1984.[3] Thus, *after* June 28, 1984, and "immediately before" the enactment of the 1984 Act, these cases were not pending "in the bankruptcy courts" continued by section 404(a) of the 1978 Act because such "bankruptcy courts" were not in existence "immediately before" July 10, 1984.

The effectiveness of section 115 as a transfer provision in *any* context is doubtful. Section 409 of the 1978 Act purports to transfer, on June 28, 1984, all cases pending in the "courts of bankruptcy continued under section 404(a)" to "the appropriate United States Bankruptcy Court *established under section 201 of this Act* [the 1978 Act]." Therefore, when the 1984

Act was enacted on July 10, 1984, all bankruptcy cases were pending before the Courts established under section 201, and *not* before the bankruptcy courts "continued by section 404(a)." Accordingly, there were no cases pending before the bankruptcy courts "continued by section 404(a)" of the 1978 Act to be transferred by section 115 of the 1984 Act.

Section 121(b) of the 1984 Act purports to amend section 404(a) of the 1978 Act to extend the life of the "courts of bankruptcy" to "the day before the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984." 98 Stat. 345. Overlooking the conceptual difficulties associated with a Congressional attempt to retroactively recreate a court,[4] it is clear that, *immediately before* the date of enactment of the 1984 Act, these cases were not pending in the "courts of bankruptcy." Furthermore, section 121(b) of the 1984 Act directly contradicts section 114 of the 1984 Act, which *repeals* section 404 of the 1978 Act. See 98 Stat. 343.

The conflict noted herein is just one of a series of contradictions in the 1984 Act which are discussed at greater length in Section II(C) of this opinion. They are but further examples of why interstitial judicial lawmaking in matters relating to the very power of this Court to act, in a statute as ineptly drafted as the 1984 Act, is a slip-

---

3. A separate and intractable problem, which need not be resolved here, arises from the attempt to define "bankruptcy courts," as the phrase is used in section 115, as being the same as or inclusive of the United States *District Courts.* Such a construction is inconsistent with other provisions of the 1984 Act. Section 104(a) of the 1984 Act, for example, defines "bankruptcy courts" as being "a unit of the district court." 98 Stat. 336, codified as 28 U.S.C. § 151.

4. In *In Re Benny*, 44 B.R. 581 [1983–84 Transfer Binder] Bank.L.Rep. (CCH) ¶ 70,123A (N.D.Cal. Nov. 28, 1984), the United States District Court for the Northern District of California held that the Constitution permits Congress to retroactively extend *the terms of bankruptcy judges* whose terms expired on June 27, 1984. The important and well-reasoned decision in *Benny* is inapposite here. First, *Benny* exclusively addressed the question of whether Congress had effectively extended the terms of bankruptcy judges serving

as of June 27, 1984. The Court held that the holdover provision of the 1978 Act authorized the extension *of terms* that otherwise would have expired on June 27, 1984, or, alternatively, that Congress first retroactively, then prospectively, extended *the judges' terms* through §§ 121(e) and 106(a) of the 1984 Act.

Clearly, the opinion dealt exclusively with the validity of the Congressional efforts to continue in office bankruptcy judges sitting under prior law and did not address the question of whether Congress effectively transferred cases pending in the bankruptcy courts to the district courts through § 115 of the 1984 Act. Second, this Court has construed Section 121(e) to be ineffective as a retroactive savings provision, and it does not reach the issue, perhaps analogous to an issue confronted in *Benny*, as to the constitutionality of a Congressional effort to retroactively confer jurisdiction.

pery slope, down which this Court declines to take the first step. The Court will accept the plain meaning of section 115(a)(1) of the 1984 Act and find that it cannot be the source for the appellate jurisdiction of this Court in these cases.

### C.

Alternatively, two parties contend that this Court's jurisdiction to hear these appeals is founded on section 238 of the Bankruptcy Reform Act of 1978. Section 238 of the 1978 Act amended 28 U.S.C. § 1334 to confer jurisdiction upon the district courts to hear appeals from the bankruptcy courts.[5] The amended section provided:

§ 1334. Bankruptcy appeals

(a) The district courts for districts for which panels have not been ordered appointed under section 160 of this title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.

(b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

(c) A district court may not refer an appeal under that section to a magistrate or to a special master.

Pub.L. No. 95–598, § 238, 92 Stat. 2668 (1978). The effective date of section 238 was postponed during the "transition period" by section 402(b) of the 1978 Act. 92 Stat. 2682. The effective date of section 238, initially set at April 1, 1984, was postponed several times, ultimately to June 28, 1984. Pub.L. No. 98–325, 98 Stat. 268 (1984).[6]

Although the effective date of section 238 was postponed during the transition period, section 405(c)(2) of the 1978 Act provided that district court jurisdiction was to be governed by section 238:

(2) During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted under the amendments made by sections 236, 237, 238, and 241 of this Act to hear appeals from the judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act.

Pub.L. No. 95–598, § 405(c)(2), 92 Stat. 2685. In accordance with section 402(b) of the 1978 Act, as amended, section 238 of the 1978 Act became effective on June 28, 1984. Therefore, section 238, codified as 28 U.S.C. § 1334, governed (overlooking any impact of the decision in *Marathon Pipeline* and the intervention of Local Rule 41) the appellate jurisdiction of the district court in bankruptcy cases prior to the date of enactment of the 1984 Act on July 10, 1984.

To ascertain the current source of the district courts' appellate jurisdiction, it is necessary to first examine how section 238 of the 1978 Act was treated in the 1984 Act. Section 402(b) of the 1978 Act, which set forth the effective date of section 238, was amended in the 1984 Act by two irreconcilably contradictory provisions. First, section 113 of the 1984 Act amended section 402(b) to read as follows:

Except as provided in subsections (c) and (d) of this section, the amendments made by Title II of this Act [shall take effect on June 28, 1984] *shall not be effective.*

Pub.L. No. 98–353, 98 Stat. 343 (brackets indicate deletion; emphasis indicates addition). As it can best be discerned, the import of this section is to *repeal* section

---

5. To prevent confusion, it should be noted that 28 U.S.C. § 1334 was again amended by section 101 of the 1984 Act. It is the *present* § 1334 that is addressed above in Section II(A) of this opinion.

6. For a lucid articulation of the legislative history of the post-*Marathon Pipeline interregnum, see In Re Benny,* 44 B.R. 581 [1983–84 Transfer Binder] Bank.L.Rep. (CCH) ¶ 70,123A at 86,097–86,099 (N.D.Cal.1984).

238 of the Act of 1978, codified as 28 U.S.C. § 1334.[7]

Section 113 is contradicted by section 121(a) of the 1984 Act, which amended section 402(b) of the 1978 Act to read as follows:

(b) Except as provided in subsections (c) and (d) of this section, the amendments made by title II of this Act shall take effect on [June 28, 1984] *the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984.*

Pub.L. No. 98–353, 98 Stat. 345 (brackets indicate deletion; emphasis indicates addition). This section would make section 238 of the 1978 Act effective on July 10, 1984, and thereafter.

The Court has been urged by two of the parties in these cases to resolve the contradiction in favor of section 121(a), which they interpret as continuing section 238 of the 1978 Act. Section 238, they argue, is the source of this Court's appellate jurisdiction in these cases. The only rationale given for application of section 121 rather than section 113 is the rule of statutory construction which provides that, if there exists a conflict in the provisions of the same act, the last provision in point of arrangement must control. *See United States v. Girst,* 636 F.2d 316, 321 (D.C.Cir. 1979) and cases cited therein. Before resorting to application of such a rule, which is only slightly less arbitrary than the toss of a coin, the Court must examine the two provisions *vis-a-vis* the relevant purpose or purposes of the 1984 Act in order to determine which provision is most consistent with the Act as a whole. *See Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974); *Brown v. Duchesne,* 19 How. (60 U.S.) 183, 194, 15 L.Ed. 595 (1857).

The conflict between sections 113 and 121 of the 1984 Act was addressed by the United States Bankruptcy Court of the Northern District of Ohio in *In Re Long,* 43 B.R. 692 [1983–84 Transfer Binder] Bank.L.Rep. (CCH) ¶ 70,088, 12 BCD 442 (Bankr.N.D.Ohio Oct. 30, 1984). The question presented in *Long* was whether the bankruptcy court had jurisdiction to hear a civil action on removal from the United States District Court for the Northern District of Ohio. The bankruptcy court found that the only possible source of its removal jurisdiction was section 241 of the 1978 Act, to be codified at 28 U.S.C. § 1478. Section 113 of the 1984 Act has the effect of repealing section 241 of the 1978 Act, thus erasing 28 U.S.C. § 1478 as a source of the bankruptcy court's removal jurisdiction. Section 121(a) of the 1984 Act, on the other hand, has the effect of enacting section 241 of the 1978 Act.

Faced with this patent contradiction, the bankruptcy court decided that section 121(a) could not be given effect because it was inconsistent with the 1984 Act as a whole. Application of section 121(a) would give effect to provisions of the 1978 Act that Congress clearly intended to replace in the 1984 Act. Section 121(a) gives effect to section 402(b) of the 1978 Act, which in turn gives effect to section 241 of the 1978 Act. Section 241 enacts the jurisdictional provision of 28 U.S.C. § 1471, the very provision that was found unconstitutional in *Northern Pipeline.* Section 121(a) would also give effect, pursuant to section 402(b) of the 1978 Act, to section 201 of the 1978 Act, which provides for a system of bankruptcy courts and appointment of bankruptcy judges. This system was obviously intended to be superseded by the new system created by section 104 of the 1984 Act, which enacts 28 U.S.C. §§ 151–158. As the bankruptcy court in *Long* stated:

Unlike the stillborn court of section 201, this new bankruptcy court is not an independent and separate court; it is in-

---

7. The language of section 113 suggests that Congress anticipated that the Act of 1984 would take effect before the termination of the transition period on June 28, 1984. However, because the Act of 1984 was not enacted until July 10, 1984, there was a period during which section 238 of the Act of 1978 was effective by virtue of section 402(b) of the Act of 1978. Thus, the effect of section 113 of the Act of 1984, if it is to be applied, is to *repeal* section 238 of the Act of 1978, rather than to prevent its ever taking effect.

stead a "unit" of the district court. Obviously, Congress could not have intended to create two distinct bankruptcy court systems, each with different powers. It is just as obvious that the 28 U.S.C. section 151 et seq. enacted by section 201 of the 1978 Act cannot coexist with the 28 U.S.C. section 151 et seq. enacted by section 104 of the 1984 Act. To hold otherwise would result in chaos.[8] 43 B.R. at 696 [1983–84 Transfer Binder] Bank.L.Rep. (CCH) ¶ 76,088, at 86,005.[9] Because section 121(a) would give effect to such provisions that Congress clearly did not intend to enact, the bankruptcy court concluded that section 121(a) should not be given effect to the extent it conflicts with both section 113 and the intent of Congress.

This Court finds the reasoning of the Bankruptcy Court of the Northern District of Ohio to be compelling. The bankruptcy court convincingly articulated reasons why section 113 should be given effect rather than the contradictory provisions of section 121(a). In addition to the inconsistencies noted in *Long* that would result from giving effect to section 121(a), this Court would point to another that relates to the narrow question presented in *these cases* as to whether section 121(a) should be given effect insofar as it enacts, pursuant to section 402(b) of the 1978 Act, section 238 of the 1978 Act. The grant of appellate jurisdiction conferred by section 238 was to be codified as 28 U.S.C. § 1334. Section 101(a) of the 1984 Act provides, however:

> Sec. 101. (a) Section 1334 of title 28, United States Code, *is amended to read as follows:*

§ 1334. Bankruptcy cases and proceedings

(a) Except as provided in subsection (b) of this section, the district courts shall have *original* and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have *original* but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action

---

**8.** It may be noted that such an intent on the part of Congress in enacting the 1984 Act would be facially ludicrous in view of the fact that the Act was intended in part to resolve the impasse caused by the decision in *Marathon Pipeline.* The former intent, imputed to Congress, would simply perpetuate that impasse.

**9.** The bankruptcy court further observed:
> The bankruptcy courts created by the new 28 U.S.C. section 151 as enacted by section 104 of the 1984 Act do not have an independent grant of jurisdiction. Instead these courts may exercise jurisdiction over only

those cases which are referred to them by the district court. 28 U.S.C. section 157(a) and (d). The authority for these bankruptcy courts is much more limited than that contemplated by the 1978 Act. See 28 U.S.C. section 157(b) as enacted by section 104 of the 1984 Act. Obviously, the circumscribed jurisdiction of the new Act cannot coexist with the broad grant of jurisdiction found in section 241 of the 1978 Act.

*Id.* at 697, [1983–84 Transfer Binder] Bank.L. Rep. at 86,005.

affecting the property of the estate in bankruptcy.

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

(Emphasis added.) Under the construction set forth above, *see supra* at 13–14, section 238 of the 1978 Act supplied the content of 28 U.S.C. § 1334 starting on June 28, 1984; this included a grant of *appellate* jurisdiction. Upon enactment of the 1984 Act on July 10, 1984, 28 U.S.C. § 1334 was amended as quoted above. It is clear from the face of the amended section that it conferred only *original* jurisdiction upon the district courts. It does not strain presumption too far to suppose that it was for that reason (e.g., that Congress intended by the amendment of section 1334 in the 1984 Act to create only original jurisdiction) that Congress then specifically addressed in section 158 of the 1984 Act an express grant of *appellate* jurisdiction. It is clear, therefore, that section 121(a), insofar as it purports to give effect to section 238 of the 1978 Act on the date of the enactment of the 1984 Act, conflicts with the version of 28 U.S.C. § 1334 enacted by section 101 of the 1984 Act.

In sum, section 121(a) would give effect to several sections of the 1978 Act that are inconsistent with the jurisdictional provisions of the 1984 Act. Further examples of how application of section 121 makes little sense in the context of the statutory scheme created by the 1984 Act are easy to find.[10] Section 113, on the other hand, amends section 402(b) to provide that many of the amendments made by the 1978 Act "shall not be effective." Application of

section 113 would thereby prevent from taking effect a whole series of provisions in the 1978 Act that are at odds with specific sections and the manifest purposes of the 1984 Act.

■ The Court has little difficulty, therefore, deciding that section 113, insofar as it is inconsistent with section 121(a), should be applied in order to effectuate the presumably rational statutory scheme intended by Congress. It is held, therefore, that section 238 of the 1978 Act is repealed to the extent that it conflicts with section 113, and that it cannot be a source of jurisdiction of this Court in bankruptcy appeals.

### D.

■ The Court has determined, however, that section 104(a) of the 1984 Act provides the basis for the exercise of jurisdiction over these cases. Section 104(a) enacts Chapter 6 of Title 28 of the United States Code, entitled "Bankruptcy Judges." Title 28, section 157(a) provides:

Each district court may provide that any or all cases under title 11 or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

Each of these cases falls within the ambit of 28 U.S.C. § 157(a). *Bagley v. Bagley* is a case under Chapter 7 of Title 11. *In Re Walter Brown* is a case arising under Chapter 13 of Title 11. *In Re Precon v. JRS Realty* is a case arising in or related to a case under Chapter 11, ultimately converted to Chapter 7, of Title 11. Section 157 explicitly provides that the district court may provide that "all" such cases be referred to the bankruptcy judges for the district. It does not exclude cases that

---

**10.** For example, section 121(c) purports to give effect to section 406 of the 1978 Act. Section 406, as amended by section 121(c), requires the Director of the Administrative office of the United States Courts to make studies, *inter alia,* of the number of bankruptcy judges that will be needed in the bankruptcy courts established under section 201 of this Act (the 1978 Act). As discussed above, the system created by section 201 of the 1978 Act was obviously intended to

be replaced by that created by section 104 of the 1984 Act. Furthermore, section 121(d) would give effect to section 409(a) and (b) of the 1978 Act, which provides for transfer of cases to the bankruptcy court established under *section 201* of the 1978 Act. Section 114 of the 1984 Act, in contrast to section 121, explicitly *repeals,* among others, sections 406 and 409 of the 1978 Act, thereby vitiating the analytical chaos precipitated by application of section 121.

were pending at the time the 1984 Act was enacted; nor does it exclude cases that were pending on appeal before the district court. Therefore, section 157(a) may properly be construed to encompass these cases.

On August 1, 1984, this Court ordered that "all cases" under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 be referred to the bankruptcy judges of this district.[11] Disregarding the effect of pending notices of appeal, these cases were referred to the bankruptcy judges by virtue of the effect of this Court's Order of August 1, 1984.

It must now be determined whether the general order of reference is to be applied to cases which were in an appellate posture before this Court at the time the order was made. Each of these cases was fully adjudicated by a bankruptcy tribunal. *Precon* was decided by a bankruptcy court constituted under the Bankruptcy Code, prior to the expiration of the Supreme Court's stay of its decision in *Northern Pipeline*. *Bagley* and *Brown* were decided by bankruptcy judges acting pursuant to the "Emergency Rule," Local Rule 41. Section 104(a) of the 1984 Act, the pertinent sections of which are codified as 28 U.S.C. §§ 157 and 158, creates still another system of bankruptcy adjudication. Section 158 of Title 28 provides that the district courts shall have jurisdiction to hear appeals from judgments and orders in cases referred to bankruptcy judges under section 157 of Title 28. Obviously, the notices of appeal in these cases were filed before section 158 was enacted and were not filed under the authority of that section. Inasmuch, however, as section 157 gives the Court authority over "all cases" under Title 11 or related to cases under Title 11, it does not strain the language of section 158 too far to construe it as the source of this Court's authority to

exercise appellate jurisdiction in these cases.

Treating the *Bagley* and *Brown* cases as appeals under section 158 presents no conceptual difficulties. Sections 157 and 158 of Title 28 create a system of adjudication similar to that of the Emergency Rule. Application of the procedures of the 1984 Act merely maintains these cases in a posture parallel to that existing under Local Rule 41.

The *Precon* case differs in two respects. First, it was adjudicated under the bankruptcy system that was invalidated by the Supreme Court in *Northern Pipeline*. Second, it is likely that the primary issue in the case, involving a state law contract claim brought by the debtor against a third party, was not one which a non-Article III bankruptcy judge could finally decide after *Northern Pipeline*. However, *Northern Pipeline* was stayed at the time of the bankruptcy court's judgment, and the Supreme Court held that *Northern Pipeline* would not be accorded retroactive effect: 458 U.S. at 88, 102 S.Ct. at 2880. Therefore, the judgment in *Precon* is valid, final and appealable, and this Court will treat it no differently from judgments entered in cases in which bankruptcy judges *currently* have the authority to enter final judgments.

In sum, the Court has jurisdiction to hear the appeals in these cases pursuant to sections 157 and 158 of the 1984 Act. No purpose will be served by applying the Court's general Order Referring Bankruptcy Proceedings of August 1, 1984, to the appeals from final decisions of the bankruptcy court pending in these cases. The existing Notices of Appeal will be given continuing effect, and the Court will proceed to decide the appeals. The Clerk of this Court, in due course, will schedule for oral argument the appeal in each case.

So ORDERED.

---

11. The full text of the Order follows:

In accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984, it is ORDERED, that all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district who are hereby directed to proceed to exercise the jurisdiction hereby delegated to them.

Dated at Bangor, in said district, this 1st day of August, 1984.