In re T. P. LONG, aka T. Paul Long, aka Thomas Paul Long, Debtor.

**BANCOHIO NATIONAL BANK, Plaintiff,**

v.

**T. P. LONG, et al., Defendant.**

Bankruptcy No. 584–228.
Adv. No. 584–0113.

United States Bankruptcy Court, N.D. Ohio.

Oct. 30, 1984.

Robert Whittington, Jr., Akron, Ohio, Arthur Koski, Boca Raton, Fla., for debtor.

Frederick Corns, Akron, Ohio, for BancOhio National Bank.

## FINDING AS TO APPLICATION FOR REMOVAL

H.F. WHITE, Bankruptcy Judge.

On July 12, 1984, BancOhio National Bank filed an application to remove to this bankruptcy court a civil action pending in the United States District Court for the Northern District of Ohio. This application raises important questions of jurisdiction and procedure under the recently enacted Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–358, 98 Stat. 333 (hereinafter referred to as "the 1984 Act").

The civil action pending in the United States District Court for the Northern District of Ohio, Eastern Division is captioned BancOhio National Bank v. T. P. Long and Joyce Long, civil case No. C–82–1817. The civil action sought to be removed originated in a state court in Arizona. This civil action was then removed to the United States District Court for the District of Arizona in February 1982. In July of that year it was transferred to the District Court for the Northern District of Ohio.

An involuntary petition in bankruptcy was filed against T.P. Long on February 29, 1984. On April 19, 1984 this court granted an order for relief against the debtor. BancOhio then filed its application for removal.

On July 10, 1984, before BancOhio filed its application, President Reagan signed into law the 1984 Act. This law was to have cured the jurisdictional provisions of the Bankruptcy Reform Act of 1978, P.L. 95–598, 92 Stat. 2549 (hereinafter referred to as "the 1978 Act") which the Supreme Court held unconstitutional in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).[1] Although the 1984 Act fundamentally reorganizes the bankruptcy court system, it too may suffer from constitutional defects.[2]

1. The Court found that 28 U.S.C. section 1471 as enacted by section 241(a) of the 1978 Act unconstitutionally conferred Article III judicial power to (bankruptcy) judges who lacked certain protective attributes of Article III status such as life tenure and protection against salary diminution. *See* 458 U.S. at 60 ff, 102 S.Ct. at 2866 ff. (plurality opinion of Brennan, J.) and 458 U.S. at 90, 102 S.Ct. at 2881 (Rehnquist J. concurring).

2. On the date he signed the 1984 Act, the President issued a statement which *inter alia* questioned whether section 121(e) violated the appointments clause, art. II, section 2, cl. 2, of the constitution. Section 121(e) retroactively extended the term of office of bankruptcy judges who were serving on June 27, 1984, on which date their judicial authority expired.

Some members of congress also questioned the constitutionality of section 121(e). *See e.g.* 130 Cong Rec. H 7490 (daily ed. June 29, 1984) (statement of Rep. Edwards).

694

This court need not enter into the constitutional debate. The issue presented in this matter is more narrow; namely, whether, under the 1984 Act, this court has jurisdiction over a civil action purportedly removed to it. This issue cannot be decided without an understanding of the bankruptcy legislation which preceded the 1984 Act.

The 1978 Act was a comprehensive revision of this nation's bankruptcy laws. Congress significantly changed both the substantive and procedural law. Not all of these changes became effective immediately, however. Instead Congress provided for a transition period before all the changes were fully implemented.

The 1978 Act consisted of four separate and distinct titles. Title I enacted the substantive law which is presently codified in Title 11 of the United States Code. Title II of the 1978 Act consists of various amendments to Title 28 of the United States Code. Title III amended various other statutes affecting the administration of bankruptcy. Title IV dealt with the administration of bankruptcy cases during the transition period (originally, October 1, 1979 through March 31, 1984). Title IV also dealt with the repeal of prior bankruptcy legislation as well as the effective dates of the various sections of the 1978 Act.

Title II of the 1978 Act created a separate bankruptcy court with comprehensive jurisdiction. Section 201 of the 1978 Act added Chapter 6, entitled "Bankruptcy Courts" to Title 28 U.S.C., codified at sections 151–160. This provision created a separate court in each federal district as an "adjunct" to the district court to be known as the United States Bankruptcy Court for the district. 28 U.S.C. section 151 as enacted by section 201 of the 1978 Act. Section 201 also provided for the appointment of bankruptcy judges to this new bankruptcy court by the President for terms of 14 years, Title 28 U.S.C. section 152.

The jurisdiction of these new bankruptcy courts was enacted by section 241 found in Title II of the 1978 Act. This section added Chapter 90 to Title 28 U.S.C., 28 U.S.C. sections 1471–1482. This provision conferred comprehensive jurisdiction on the bankruptcy court of all cases rising under Title 11 and "of all civil proceedings arising under title 11 or arising in or related to cases under title 11". 28 U.S.C. section 1471(a)–(c) as enacted by section 241 of the 1978 Act.[3] It was this grant of jurisdiction which the Supreme Court found unconstitutional in *Northern Pipeline*.

■ The statutory source of BancOhio's application for removal, 28 U.S.C. section 1478, was enacted by section 241 of the 1978 Act. This statute provides:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

Initially there was some question whether this statute retained constitutional validity in the wake of *Northern Pipeline*. These concerns have been put to rest. It is now

---

3. Section 1471(a)–(c) states:

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title II.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title II or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title II is commenced shall exercise all of the jurisdiction conferred by this section on the district courts."

generally accepted that the Supreme Court's holding in *Northern Pipeline* invalidated only 28 U.S.C. section 1471(c). *In re Kaiser,* 722 F.2d 1574, 1577 (9th Cir.1984); *White Motor Corp. v. Citibank N.A.,* 704 F.2d 254, 259–60 (6th Cir.1983). It is apparent, therefore, that 28 U.S.C. section 1478 was not invalidated by *Northern Pipeline.*

At first blush, the Supreme Court's holding in *Northern Pipeline* seemed ironic in that the legislation declared unconstitutional had not yet become effective as law. Section 402(b) under title IV of the 1978 Act originally provided that: "Except as otherwise provided in subsections (c) and (d) of this section, the amendments made by title 2 of this Act shall take effect on April 1, 1984." Since neither section 201 nor 241 was otherwise provided for, it appears that the Supreme Court had "declared unconstitutional a grant of jurisdiction, not yet effective, to a court, not yet in existence." *In re Matlock Trailer Corp.,* 27 B.R. 318, 323 (D.C.M.D.Tenn.1983).

This irony disappears, however, when one considers other provisions under Title IV of the 1978 Act. Congress provided that the then existing courts of bankruptcy would continue in existence during the transition period. Section 404(a). Congress also extended the term of each referee in bankruptcy (to be known as bankruptcy judges) to the end of the transition period "or when his successor takes office". Section 404(b). Congress also provided that, during the transition period, the judges of the continued courts of bankruptcy could exercise the jurisdiction granted by section 241 to the bankruptcy courts created by section 201. Section 405(a) and (b). Thus, although the expanded jurisdiction of section 241 was not to become effective until the courts created by section 201 came into existence, the continued courts of bankruptcy were allowed to exercise this jurisdiction. It was this grant of jurisdiction to non-Article III courts which the Supreme Court found unconstitutional in *Northern Pipeline.*

The Supreme Court issued its *Northern Pipeline* decision on June 28, 1982. The court stayed its decision until October 4, 1982 so that Congress would have time to enact legislation to cure the constitutional defects of the 1978 Act. Congress failed to act and the stay was extended until December 24, 1982. Congress still failed to act.

With the stay about to expire, and in the face of congressional inactivity, the Judicial Conference of the United States recommended to the circuit courts that it direct the district courts to adopt its now familiar "Emergency Rule", sometimes referred to as the "Model Rule". Pursuant to this recommendation, the District Court for the Northern District of Ohio adopted General Order 61, which was subsequently amended by General Order 76. This Rule was essentially a judicial enactment of the old referee system under which the bankruptcy judges heard only those cases referred to them.

A discussion of the substantive aspects of the Emergency Rule is not necessary. Suffice it to say that the Rule allowed the bankruptcy court to continue to function. More importantly, with regard to the present matter, the Rule allowed the courts to continue to exercise the removal jurisdiction of 28 U.S.C. section 1478 as enacted by the 1978 Act.

The Emergency Rule was originally scheduled to expire on March 31, 1984 or when Congress enacted appropriate legislation to provide a sound jurisdictional basis for bankruptcy adjudication. Congress failed to enact remedial legislation by March 31, 1984. Instead Congress extended the transition period and the district courts extended the Emergency Rule.

As was mentioned above, the transition period was originally scheduled to terminate on March 31, 1984. It was eventually extended, through a series of last-minute legislative acts, until June 27, 1984. Congress also extended the terms of the existing bankruptcy judges serving during the transition period pursuant to section 404 of the 1978 Act until June 27, 1984. This allowed these judges to continue to exer-

cise the jurisdiction conferred by section 241 of the 1978 Act pursuant to section 405. At the same time Congress amended section 402(b) so that sections 201 and 241 would not become effective until June 28, 1984.

Thus, to summarize the preceding digression: this court's jurisdiction over cases removed to it was conferred by 28 U.S.C. section 1478 as enacted by the 1978 Act. 28 U.S.C. 1478 was enacted by section 241 of the 1978 Act which provided the jurisdictional basis for the courts created by section 201 of the 1978 Act. Pursuant to section 402(b) of the 1978 Act, neither section 201 nor 241 was to become effective until June 28, 1984 when the transition period ended. Nonetheless, pursuant to section 405 of the 1978 Act, the bankruptcy judges of the continued courts of bankruptcy were authorized to exercise the jurisdiction conferred by section 241 during the transition period.

With the passage of the 1984 Act, the transition period has finally ended. Section 114 of the 1984 Act repeals, *inter alia* sections 404 and 405(a)–(c) of the 1978 Act. Thus the court of bankruptcy, as defined by section 1(10) and 2(a) of the Bankruptcy Act of 1898 as amended, which was continued during the transition period pursuant to section 404(a) of the 1978 Act, no longer exists.

Unfortunately the 1984 Act is not a model of clarity. In particular, there is a patent contradiction in the Act whether 28 U.S.C. section 1478 as enacted by section 241 of the 1978 Act may still be used to remove a case to this bankruptcy court.

Section 113 of the 1984 Act amends section 402(b) of the 1978 Act to read: "Except as otherwise provided in subsections (c) and (d) of this section, the amendments made by title 2 of this Act shall not be effective." [4] This has the practical effect of repealing sections 201 and 241 of the 1978 Act. If section 241 is repealed, then 28 U.S.C. section 1478 has not been enacted and hence may not be used to remove an action to this bankruptcy court.

Section 121(a) of the 1984 Act also purports to amend section 402(b) (as well as section 402(e)) of the 1978 Act. Under section 121(a), section 402(b) of the 1978 Act would read: "Except as otherwise provided in subsections (c) and (d) of this section, the amendments made by title 2 of this Act shall take effect on the date of enactment of the [1984 Act]." [5] This has the effect of enacting 28 U.S.C. section 1478 pursuant to section 241 of the 1978 Act which would apparently allow an action to be removed to this bankruptcy court.

Obviously, only one of these contradictory provisions can be given effect. Upon considering the 1984 Act as a whole, this court concludes that the purported amendment of section 402(b) of the 1978 Act by section 121(a) of the 1984 Act cannot be given effect.

Section 121(a) of the 1984 Act would make effective sections 201 and 241 of the 1978 Act. Section 241, in turn, enacts the jurisdictional provision, 28 U.S.C. section 1471(c), the exercise of which the Supreme Court found unconstitutional in *Northern Pipeline.* Certainly Congress would not want to enact legislation which has already been declared unconstitutional.

Furthermore, the 1984 Act creates a new bankruptcy court system which was obviously meant to supersede the bankruptcy courts created by section 201 of the 1978 Act. Section 104 of the 1984 Act enacts Chapter 6 of Title 28 of the United States Code, 28 U.S.C. sections 151–158. Unlike the stillborn court of section 201, this new bankruptcy court is not an independent and separate court; it is instead a "unit" of the district court. Obviously, Congress could not have intended to create two distinct bankruptcy court systems, each with different powers. It is just as obvious that

---

4. Congress provided that the amendment made by section 113 was to be retroactively effective on June 27, 1984. Section 122(c) of the 1984 Act.

5. The amendments made by section 121 are effective on the date of enactment of the 1984 Act (July 10, 1984). See section 122(a) of the 1984 Act.

the 28 U.S.C. section 151 et seq. enacted by section 201 of the 1978 Act cannot coexist with the 28 U.S.C. section 151 et seq. enacted by section 104 of the 1984 Act. To hold otherwise would result in chaos.

The bankruptcy courts created by the new 28 U.S.C. section 151 as enacted by section 104 of the 1984 Act do not have an independent grant of jurisdiction. Instead these courts may exercise jurisdiction over only those cases which are referred to them by the district court. 28 U.S.C. section 157(a) and (d) [6]. The authority for these bankruptcy courts is much more limited than that contemplated by the 1978 Act. See 28 U.S.C. section 157(b) as enacted by section 104 of the 1984 Act. Obviously, the circumscribed jurisdiction of the new Act cannot coexist with the broad grant of jurisdiction found in section 241 of the 1978 Act.

Upon considering the 1984 Act as a whole, it is clear that Congress intended that sections 201 and 241 of the 1978 Act should be repealed. This court, therefore, will not give effect to section 121(a) of the 1984 Act to the extent that said section is in conflict with both section 113 of the 1984 Act and the manifest intent of Congress. The court hopes that Congress will enact legislation which will correct this apparent contradiction.

It follows that this court cannot have jurisdiction over an action purportedly removed to it under the no longer effective 28 U.S.C. section 1478. Furthermore, the court finds that there is no other statute which would confer jurisdiction upon this court by removal.

The 1984 Act does provide for the removal to the district court of actions related to bankruptcy cases. See 28 U.S.C. section 1452(a) as enacted by section 103 of the 1984 Act.[7] But there is no provision for the removal of actions to the bankruptcy court. The bankruptcy court acquires jurisdiction over an action only by referral from the district court.

Accordingly, this bankruptcy court does not have the authority to assume jurisdiction over this civil action which BancOhio purportedly attempts to remove to this court. If BancOhio wishes this court to hear said action, then it must move the district court for an order referring said action to this court as provided for by 28 U.S.C. section 157(c)(2).

---

**6.** 28 U.S.C. section 157(a) and (d) provides as follows:

"(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both ti-

tle 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

**7.** 28 U.S.C. section 1452(a) provides:

"(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."