In re Lawrence Joseph SCHULER and Cheryl Lynn Schuler, a/k/a Cheryl Zietz, a/k/a Cheryl Brown, Debtors.

**Eugene J. BERGER, Plaintiff,**

**v.**

**Lawrence SCHULER and Cheryl Schuler, Defendants.**

**Bankruptcy No. 84–05219.**
**Adv. No. 85–7002.**

United States Bankruptcy Court, D. North Dakota.

Jan. 11, 1985.

---

Eugene J. Berger, pro se.

Fintan L. Dooley, Bismarck, N.D., for defendants.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtors, Defendants in a pending North Dakota Small Claims Court case, on January 10, 1985, filed with the Bankruptcy Court Application to remove the State Court case to Bankruptcy Court. The Debtors have cited 28 U.S.C. § 1478 as a basis for their right to remove to this Court.

■ Bankruptcy courts, prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (1984 Act), were separate courts with comprehensive jurisdiction vested in them by the 1978 Bankruptcy Act. The 1978 Act created a separate bankruptcy court for each federal district to be known as the United States Bankruptcy Court for that particular district. Jurisdiction over bankruptcy cases was comprehensive and was originally vested with the bankruptcy court as an independent court. The original nature of the bankruptcy court's jurisdiction under the 1978 Act was carried over to cases removed from state courts by operation of section 1478, the section now relied upon by the Debtors herein. The 1984 Act, effective July 10, 1984, created a new system of bankruptcy administration and superseded the broad grant of jurisdiction to the bankruptcy courts made by the 1978 Act. Bankruptcy courts as now constituted are not independent courts having original jurisdiction. Rather, they are a unit of the district court exercising only whatever jurisdiction is referred to them by the district court of the district in which they sit. Section 1478 purports to vest the bankruptcy courts as independent courts with original jurisdiction over removed cases. In the wake of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), there remained some question whether section 1478 might yet have vitality. Recently, the Bankruptcy Court for the Northern District of Ohio concluded that in view of the intended purpose of the 1984 Act to vest original jurisdiction with the district court, section 1478 could no longer be given any effect. *See In re Long*, 43 B.R. 692, 12 B.C.D. 442 (Bankr.N.D.Ohio 1984). Bankruptcy Judge White's decision in the *Long* case is exhaustive in analyzing the statutory conflicts precipitated by the 1984 Act but concludes that to give effect to section 1478 would be completely contrary to Congress' intent to vest original jurisdiction with the district court.

■ The continued vitality of section 1478 is further suspect when one considers 28 U.S.C. § 1452 of the 1984 Act. This section is titled "Removal of Claims Related to Bankruptcy Cases". In subsection (a) thereof, it provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452 (1984). The foregoing section clearly provides that removal of claims related to bankruptcy cases shall be to the district court. No mention is made of the bankruptcy court. The bankruptcy court achieves jurisdiction only by referral of cases and proceedings to it pursuant to 28 U.S.C. § 157. The United States District Court for the District of North Dakota, by Order entered September 20, 1984, did refer to the Bankruptcy Court all cases and proceedings under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. This Order would presumably be sufficient to allow the Bankruptcy Court to assume jurisdiction over the instant case. The problem is that the 1984 Act does not permit such cases to be in the *first instance* removed to the Bankruptcy Court. Such cases must first be removed to the district court which then may, consistent with its general order of referral, refer it to the bankruptcy court for disposition. I do not believe a separate order of reference would be necessary for each case so removed because the general order of reference by its terms seems broad enough. It is unfortunate that parties are required to take this intermediate step in removal cases, but in reviewing the 1984 Act, there is simply no statute which would operate to confer jurisdiction on the bankruptcy court of cases removed from state court.

Accordingly, and for the reasons stated, this Court must decline jurisdiction.

IT IS SO ORDERED.