In the Matter of CASSIDY LAND & CATTLE CO., Debtor.

Bill LOGEMANN, Plaintiff,

v.

Eugene CHAMBERLAIN and Conrad Ericksen, Defendants.

Bankruptcy No. BK82–1257.

Adv. No. A86–34.

United States Bankruptcy Court, D. Nebraska.

March 10, 1986.

C.G. Wallace, III, of Thompson, Crounse, Pieper & Quinn, Omaha, Neb., for defendants.

Bill Logemann, pro se.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This matter came on for a hearing in Omaha, Nebraska, on December 13, 1985, upon the Defendants' application to remove to the Bankruptcy Court, the Plaintiff's motion to remand to State Court, and the oral motion of the Plaintiff for an order requiring the Defendants to pay Plaintiff's costs and expenses under a bond required for the removal action. The Defendants, Eugene Chamberlain and Conrad Ericksen, were represented by counsel, C.G. Wallace, III, of Thompson, Crounse, Pieper & Quinn of Omaha, Nebraska. The Plaintiff, Bill Logemann, of Burwell, Nebraska, appeared pro se.

The central issues presented are:

1. Did the Defendants improperly remove a State Court lawsuit when they initially filed their application to remove with the Bankruptcy Court and then subsequently filed another application to remove with the District Court?

2. Should Plaintiff recover costs from the bond filed in Bankruptcy Court?

3. What are recoverable costs?

Plaintiff Logemann argued that he is entitled to recover costs and disbursement under the bond because the duplicate filings of the Defendants demonstrate that the Defendants acted in haste and in error and that, therefore, the application for removal was improperly brought. Defendants oppose the Plaintiff's recovery of costs from the removal bond for the following reasons:

1. The Bankruptcy Court does not have jurisdiction over this matter because § 1478 of the 1978 Act which require removal actions to be made to the Bankruptcy Court no longer exists and § 1452 of the 1984 Act requires that removal actions be made to the District Court.

2. However, if this Bankruptcy Court does have jurisdiction, the confusing state of the law should not result in a penalty being assessed against the Defendants.

### Procedural Background

This case is related to the heavily litigated Chapter 11 bankruptcy of Cassidy Land & Cattle Co., which was filed July 19, 1982, and a clarification of the parties would be helpful. Defendant, Eugene Chamberlain,

is the duly-appointed, acting, and qualified receiver of the Debtor herein, Cassidy Land & Cattle Co. His appointment arose out of an adversary complaint (A83–483) filed by the trustee of the Debtor, Cassidy Land & Cattle Co. against McCarty Ranch Trust, et al. Defendant, Conrad C. Ericksen, is the attorney for Duane Grossnicklaus, a sub-lessee of the Plaintiff herein. The Plaintiff, Bill Logemann, is a lessee of lands allegedly owned by the McCarty Ranch Trust and mortgaged to Cassidy Land & Cattle Co. The mortgage was foreclosed by a summary judgment in the Bankruptcy Court, and the debt due Cassidy Land & Cattle Co. constituted the principal asset of the bankruptcy estate.

On October 28, 1985, Plaintiff, Bill Logemann, filed pro se his "Petition and Praecipe for Summons" in the Garfield County, Nebraska, District Court against the Defendants alleging *inter alia* that they tortiously conspired to enforce rental agreements in which they lacked privity and thereby damaged the Plaintiff by denying him his just rents and his future rent business opportunities.

On November 7, 1985, Defendants filed an "Application for Removal" in the Clerk's Office of the Bankruptcy Court (A85–331) alleging that the United States District court for the District of Nebraska had jurisdiction and that such civil action was a court proceeding arising out of the administration of the bankruptcy estate of Cassidy Land & Cattle Co. A bond in the amount of $500 pursuant to Local District Court Rule No. 15 was also issued. No responsive pleading to the application was made by the Plaintiff at that time.

On November 27, 1985, Defendant filed a second "Application for Removal" in the Clerk's Office of the District Court (CV85–0–1002; subsequently docketed in the Bankruptcy Court as A86–34). The same allegations for the application were made and a second bond in the amount of $500 was also issued in this case. On December 6, 1985, the Plaintiff moved the District Court pursuant to Federal Rule of Civil Procedure 12f for an order to strike the

Defendants' pleading to remove, to remand the lawsuit back to the State Court, and for sanctions against Defendants' attorney pursuant to Federal Rule of Civil Procedure 11. The Plaintiff alleged that the removal action was improperly brought to the United States Bankruptcy Court and that said cause of action was a tort claim which is specifically excluded from the jurisdiction of Bankruptcy Court pursuant to 28 United States Code § 157(b)(2)(B) and (b)(2)(0). Plaintiff also argued that the Defendants' attorney knew or ought to have known that Nebraska Revised Statute 25–409 requires that the venue for a tort action against residents must be brought in the county where the cause of action arose or in the county where the Defendant or some one of the Defendants resides. Pursuant to Federal Rules of Civil Procedure 12(b)(3) Plaintiff requested that this action be dismissed for improper venue.

Thereafter on December 13, 1985, the Bankruptcy Court heard oral arguments on the Defendants' application for assessment of costs. The Journal Entry provided;

"The Plaintiff will provide evidence of actual expenses and disbursements. Receiver will provide legal argument regarding application of bond proceeds. Court will decide application of bond proceeds without a hearing, if possible."

Before the parties complied with the Bankruptcy Court's order of December 13, 1985, Judge C. Arlen Beam of the District Court ruled upon the motion of the Plaintiff to remand and to strike. On December 17, 1985, the District Court denied the Plaintiff's motion to remand to State Court, found that the District Court had jurisdiction of the case pursuant to 28 United States Code § 1334, and found that this matter was not a tort claim for personal injury as excluded in 28 United States Code § 157(b)(2)(B). Additionally, the District Court found that this case is one that should be transferred to the Bankruptcy Court for disposition pursuant to 28 United States Code § 157(a) and Local District Court Rule 51b.

Thereafter on December 26, 1985, Plaintiff submitted to the Bankruptcy Court a motion for expenses from the bond for removal and incorporated his affidavit of fact detailing his costs and disbursements for which he sought to recover. Defendants filed their "Memoranda on Requests for Expenses for Removal Bond" on December 27, 1985. A "Response to Memoranda on Requests for Expenses" filed by the Plaintiff on January 29, 1986, makes the same arguments that this action was improperly removed to the Bankruptcy Court and to the United States District Court and argues that the expenses outlined in his affidavit were in fact proper.

In other words, Defendants originally thought the proper route for State Court removal was to Bankruptcy Court. They then decided they should have gone to the United States District Court. The United States District Court sent the case to the Bankruptcy Court. Plaintiff feels aggrieved and desires that his expenses for various court hearings be reimbursed.

## Legal Conclusions

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (hereinafter referred to as the 1984 Amendments) was the Congressional response to *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which basically held that the Bankruptcy Reform Act of 1978, Pl.95–598, 92 Stat. 2549, (hereinafter referred to as the 1978 Act) improperly vested Article III powers in non-Article III judges. The 1984 amendments fundamentally reorganized the Bankruptcy Court system and were to have cured the jurisdictional provisions of the 1978 Act. Unfortunately, the 1984 Amendments were not a model of clarity.

In particular, there is a patent contradiction in the 1984 Amendments as to whether the removal section of the 1978 Act survived or whether the removal section of the 1984 Amendments should be used.

Specifically, 28 U.S.C. § 1478(a) the removal section of the 1978 Act provides:

"A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action."

The 1984 Amendments' relevant section, 28 U.S.C. § 1452(a) says:

"A party may remove any claim or cause of action in a civil action, public proceeding before the United States Tax Court or civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this Title."

Section 113 of the 1984 Amendments changes § 402 of the 1978 Act to read:

"Except as otherwise provided in subsections c and d of this section the amendments made by Title 2 of this Act shall not be effective."

This has a practical effect of repealing §§ 201 and 241 of the 1978 Act. If § 241 is repealed, then 28 U.S.C. § 1478 is repealed and hence may not be used to remove an action to the United States Bankruptcy Court. *In re Long*, 43 B.R. 692 (Bankr.N.D.Ohio 1984).

However, Section 121(a) of the 1984 Amendments also purport to amend § 402(b) as well as § 402(e) of the 1978 Act. Such an amendment has the effect of reenacting 28 U.S.C. § 1478 which would apparently continue to allow an action to be removed to the Bankruptcy Court.

Obviously, only one of these sections can prevail. Two earlier cases in which this issue was discussed, *In re Long, supra,* and *In re Schuler,* 45 B.R. 684 (Bankr.D.N.D.1985) held that removal applications must be filed with the Clerk of the District

Court and that the Bankruptcy Court lacked subject matter jurisdiction of cases removed directly to them via the other Clerk's office. A more recent case, *In re Gianakas*, 56 B.R. 747 (N.D.Ill.E.D.1985) held to the contrary.

This Court holds that the *Gianakas* interpretation of § 1452(a) is more persuasive. Specifically this Court holds that applications to remove a bankruptcy related case from a State Court may be filed directly with the Clerk of the Bankruptcy Court pursuant to 28 United States Code § 1452(a) and Local District Court Rule 51(B).

This Court agrees with the interpretation given by the United States District Court for the Northern District of Illinois in *In re Gianakas*. First, it is clear that by virtue of §§ 151, 157 and 1452(a), Congress intended that the Bankruptcy Judge could hear cases removed from State Court. Second, it is also clear by definition that Congress recreated the Bankruptcy Court as a unit of the District Court; it follows that the bankruptcy court clerk's office for this district is essentially an administrative unit of the entire District Court apparatus. Finally, it is clear that in reacting to *Northern Pipeline*, Congress wanted to maintain continuity in the functioning of the bankruptcy system while remaining to the teachings of *Northern Pipeline*.

Given these premises, the central issue can be restated: did Congress in enacting § 1452(a) intend to prohibit the new "bankruptcy court" concededly no more than a unit of the district court—from receiving removal papers in a type of case previously referred to it by general order under § 157(a)?

To require that State Court removal pleadings be filed with the Clerk of the District Court, and prohibit such filing with the Clerk of the Bankruptcy Court, and then financially penalize the movant for filing in the Bankruptcy Court seems unfair. This case will be heard in the Bankruptcy Court whether it was first filed in the Bankruptcy Court or was filed in the

District Court and referred pursuant to Local District Court Rule 51.

The affidavit listing itemized expenses incurred by Plaintiff has been reviewed. Since this Court finds that it legally made no difference whether the removal action was filed with the Bankruptcy Court or the District Court, none of the expenses are reimbursable. The order of December 13, 1985, if it is construed as granting Plaintiff some right to bond proceeds, is withdrawn.

This Court holds that this action was not improperly removed and Plaintiff's motion for costs is overruled.