**In re W.G.M.C., INC. d/b/a Adworks & Marketing, Debtor.**

**William H. HOWISON,**
**Trustee, Plaintiff,**

**v.**

**COUNTRY HILLS ASSOCIATES,**
**Country Hills Development**
**Corp., Defendants.**

**Bankruptcy No. 88–20140.**
**Adv. 88–2062.**

United States Bankruptcy Court,
D. Maine.

Jan. 5, 1989.

William H. Howison, Anthony Howison & Landis, Portland, Me., for plaintiff.

Steven R. Smith, Portland, Me., for defendants.

---

**6**

## PROPOSED FINDINGS AND CONCLUSIONS

FREDERICK A. JOHNSON, Chief Judge.

On April 22, 1988, W.G.M.C., Inc. d/b/a Adworks & Marketing (Debtor) filed for relief under Chapter 7 of the Bankruptcy Code. On July 19, 1988, the Chapter 7 Trustee filed a complaint captioned "Complaint to Compel Turnover of Assets," (Complaint) against Country Hills Associates and Country Hills Development Corp. (defendants). The Trustee alleges in his complaint that Country Hills Associates had not paid a sum of money due the estate for prefiling marketing and advertising services.

■ The trustee has captioned his complaint as a "Complaint to Compel Turnover of Assets." This would seem to indicate that this proceeding is a "core" proceeding. See 28 U.S.C. § 157(b)(2)(E). However, it clearly is not. The trustee's cause of action is one at law, seeking to collect an account receivable, and falls within the definition of a related proceeding under 28 U.S.C. § 157(a).

■ The defendants have made timely demand for a jury trial. See Fed.R.Civ.P. 38(b). "In suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved ..." U.S. Const. amend. VII. This being a suit at common law for recovery of an alleged account receivable, the defendants are entitled to trial by jury.

■ Unfortunately, the right to jury trial in the bankruptcy court no longer exists. Under the 1978 Bankruptcy Reform Act, Pub.L. No. 95-598, a provision was made for jury trials in the bankruptcy court at 28 U.S.C. § 1480. See 1978 U.S.Code Cong. and Admin. News (92 Stat.) 2549, 2671. However, after the famous *Marathon* decision, *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353 (BAFJA or 1984 Act).

The 1984 Act contained a conflict involving Title II of the 1978 Act, which included 28 U.S.C. § 1480. Section 113 of the 1984 Act stated that Section 402(b) of the 1978 Act, ("Effective Dates") "shall not be effective." Section 121 of the 1984 Act, on the other hand, stated that Section 402 of the 1978 Act will become effective on "the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984."

In examining the conflicting sections of the 1984 Act, the United States District Court for this district (Carter, J.) concluded that section 121(a) could not be given effect because to do so would give effect to provisions of the 1978 Act Congress clearly intended to be replaced in the 1984 Act. *Precon, Inc. v. JRS Realty Trust*, 45 B.R. 847, 12 BCD 824 (D.Me.1985). *See generally*, Sabino, *Jury Trials in the Bankruptcy Court: The Controversy Ends*, 93 Com.L. J. 238 (Summer, 1988). In making its decision, the court in *Precon* found the reasoning of *In re Long*, 43 B.R. 692, 12 BCD 442 (Bankr.N.D.Ohio 1984) to be "compelling" and adopted the conclusions of that case.

The *Long* opinion concerned whether one of the amendments contained in section 241(a) of the 1978 Act, i.e. 28 U.S.C. § 1478, survived enactment of BAFJA. As already suggested, the court in *Long* found that section 113 of the 1984 Act had to be given effect and therefore 28 U.S.C. § 1478 did not survive enactment of BAFJA.

Section 241(a) in Title II of the 1978 Act contains not just the amendment at 28 U.S.C. § 1478, but rather the amendments to 28 U.S.C. §§ 1471–1482 inclusively. *See* Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 1978 U.S.Code Cong. & Admin. News (92 Stat.) 2668–71.

Because none of the Amendments contained in section 241(a) of the 1978 Act, i.e. 28 U.S.C. §§ 1471–1482, became effective, the right to a jury trial in bankruptcy court, contained in 28 U.S.C. § 1480, did not survive enactment of BAFJA. *See In re Pro Machine*, 87 B.R. 998, 1000, 18 BCD 51, 53 (Bankr.D.Minn.1988); *Precon, Inc. v. JRS Realty Trust, supra.; In re Long, supra.*

The recent abrogation of Bankruptcy Rule 9015, which had provided procedures to conduct jury trials in bankruptcy court, lends further support to the conclusion that there is no provision for jury trials in bankruptcy courts. *See* Sabino, *supra.*, 93 Com. L.J. at 241. *See also In re Pro Machine, Inc.*, 87 B.R. at 1001, 18 BCD at 53. No procedural nor statutory support exists for this court to grant defendants' request for a jury trial.

■ In addition to the apparent impediments to a jury trial, "it makes no practical sense to have a jury trial in. bankruptcy court in a non-core proceeding." *In re Astrocade, Inc.*, 79 B.R. 983, 991 (Bankr.S. D.Ohio 1987). Even if a jury trial could be held in bankruptcy court, the inability to enter a final judgment in a non-core related proceeding means the parties on appeal are entitled to a trial *de novo* in District Court. *Id. See Mohawk Industries v. Robinson Industries*, 46 B.R. 464, 466 (D.Mass.1985).

However, the absence of authority for a jury trial in this court does not deprive defendants of a jury trial. *See In re G. Weeks Securities, Inc.*, 89 B.R. 697, 706, 18 BCD 162, 170 (Bankr.W.D.Tenn.1988). The jury trial must simply be held in another forum.

These proposed findings and conclusions will be submitted to the District Court pursuant to 28 U.S.C. § 157(c)(1), which court may enter any final order the proceeding requires.

An appropriate order will be entered.