SNEED, Circuit Judge:
 

 The Securities and Exchange Commission appeals an order of the Bankruptcy Court for the Central District of California that raises an interesting question. We conclude, however, that this court is without jurisdiction to hear the appeal. We transfer the appeal to the United States District Court for the Central District of California.
 

 I.
 

 FACTS
 

 On December 8, 1983, Thomas D. Carter, the Carter Company, and others filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. On April 4, 1984, the Securities and Exchange Commission (SEC) moved to intervene in the bankruptcy proceeding as a party in interest under Bankruptcy Code section 1109(b), 11 U.S.C. § 1109(b) (1982). The bankruptcy court, in an order entered June 14, 1984, denied the motion.
 

 On June 22, 1984, the SEC filed a notice of appeal of the bankruptcy court’s order to the United States District Court for the Central District of California. On July 20, 1984, the SEC filed a notice of a direct appeal from the bankruptcy court to this court. As required by Bankruptcy Rule 8001(d)(1), the bankruptcy court then, on August 10, 1984, vacated the original notice of appeal to the district court, and the district court dismissed the appeal on August 21, 1984.
 

 II.
 

 DISCUSSION
 

 A stranger to the struggles in Congress that produced the 1984 bankruptcy legislation might conclude that this court has jurisdiction to hear this appeal. The explanation of why we do not is neither short nor simple. In summary form, we lack jurisdiction because the statutory authorization of direct appeals from bankruptcy courts to courts of appeals was removed by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98-353, 98 Stat. 333 (hereinafter cited as 1984 Amendments), which went into effect before the notice of direct appeal in this case was filed. We reach this result although the 1984 Amendments appear to be self-contradictory on the point. Nonetheless, we believe that Congress intended to repeal that portion of the previous legislation that included the authorization of direct appeals.
 

 1.
 
 History of Recent Bankruptcy Legislation
 

 Our exposition commences with some recent history. Congress created a new system of bankruptcy courts in the Bankruptcy Reform Act of 1978, Pub.L. 95-598, 92 Stat. 2549 (hereinafter cited as 1978 Act). The amendments to Title 28 of the United States Code that established the system were contained in Title II of the 1978 Act, 92 Stat. 2657. Title II included section 236, 92 Stat. 2667, which added section 1293 to Title 28. It was section 1293(b) that authorized direct appeals from bankruptcy courts to courts of appeals by agreement of the parties.
 

 The amendments made by Title II did not become effective immediately, however. A “transition period” was provided. Section 402(b) of the 1978 Act, 92 Stat. 2682, provided that most of the amendments made by Title II would take effect on April 1, 1984. Title IV of the 1978 Act, 92 Stat. 2682, contained provisions that were to be in effect during the “transition period”
 
 *765
 
 from -October 1, 1979, through March 31, 1984.
 
 See
 
 1978 Act § 404(b), 92 Stat. 2683. The transition provisions included section 405(c)(1)(B), 92 Stat. 2685, which also authorized direct appeals by agreement of the parties.
 

 In 1982, in
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598, the Supreme Court rendered a decision that placed in question the constitutionality of the entire system of bankruptcy courts created by the 1978 Act. Congress then began its attempt to enact revised legislation that would meet the Supreme Court’s objections before the transition period ran out and the permanent provisions of the 1978 Act went into effect on April 1, 1984.
 

 When Congress failed to complete the new legislation by April 1, 1984, it bought some time by extending the transition period and delaying the effective date of the permanent provisions of the 1978 Act by one month, to May 1, 1984.
 
 See
 
 Pub.L. No. 98-249, 98 Stat. 116. Three subsequent bills further extended the transition period and further delayed the effective date of No. 98-249, 98 Stat. 116. Three subsequent the permanent provisions.
 
 See
 
 Pub.L. No. 98-271, 98 Stat. 163 (to May 26, 1984); Pub.L. No. 98-299, 98 Stat. 214 (to June 21, 1984); Pub.L. No. 98-325, 98 Stat. 268 (to June 28, 1984). Each delay was achieved by,
 
 inter alia,
 
 amending section 402(b) of the 1978 Act to change the effective date of Title II of that Act, and amending section 404 of the 1978 Act to extend the length of the transition period.
 

 2.
 
 The 1984 Amendments
 

 On July 10, 1984, twelve days after the end of the last extension, Congress finally enacted the 1984 Amendments, which established a system of bankruptcy courts designed to conform with
 
 Northern Pipeline.
 
 The 1984 Amendments contained no authorization of direct appeals from bankruptcy courts to courts of appeals.
 

 At the time the 1984 Amendments were passed, section 402(b) of the 1978 Act, as amended by the last extension-and-delay bill, provided that “the amendments [to Title 28 of the United States Code] made by title II of this Act shall take effect on June 28, 1984.” So they would have, had there been no further action by Congress. However, there followed the 1984 Amendments, which contain
 
 two
 
 amendments to section 402(b). The first, section 113 of the 1984 Amendments, 98 Stat. 343, states that section 402(b) “is amended by striking out ‘shall take effect on June 28, 1984’ and inserting in lieu thereof ‘shall not be effective’.” This would have done the trick, but somebody had another idea. The second amendment, section 121(a) of the 1984 Amendments, 98 Stat. 345, states that sections 402(b) and 402(e) of the 1978 Act are amended “by striking out ‘June 28, 1984’ each place it appears and inserting in lieu thereof ‘the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984’.”
 

 This produces a contradiction. According to section 113, the amendments to 28 U.S.C. made by Title II of the 1978 Act, which include the direct appeal provision, did not go into effect and never will. According to section 121(a), the amendments made by Title II went into effect on the date of enactment of the 1984 Amendments, July 10, 1984, and remain in effect today.
 

 We cannot conclude that Congress intended the latter result. Title II of the 1978 Act not only contains the direct appeal provision at issue in this case, but also establishes the entire system of bankruptcy courts that was declared unconstitutional by the Supreme Court in
 
 Northern Pipeline,
 
 and which the 1984 Amendments were designed to replace. If Title II’s provisions went into effect on July 10, 1984, then we now have, and will have for the indefinite future,
 
 two
 
 systems of bankruptcy courts, one constitutional and one unconstitutional, existing at the same time. Moreover, many of the sections added to Title 28 of the United States Code by Title II of the 1978 Act have the same section numbers as those added by the 1984 Amendments.
 
 *766
 

 Compare, e.g.,
 
 92 Stat. 2657-59
 
 with
 
 98 Stat. 336-41. If Title II of the 1978 Act is effective, we now have in 28 U.S.C. two different sections 151, two different sections 152, etc. Congress could not have intended such an absurdity.
 

 Ariadne’s thread that will lead us out of this maze is to view section 121 of the 1984 Amendments as designed to serve the same function as the four extension-and-delay bills that Congress had previously passed. Section 121 is identical in form to the four previous bills. It not only delays the implementation of Title II of the 1978 Act, but it also changes all the other dates in the 1978 Act necessary to extend the transition period and delay the implementation of the permanent provisions. Congress, having failed to enact the 1984 Amendments before its last extension of the transition period expired on June 28, 1984, apparently thought it was necessary to include section 121 in the 1984 Amendments in order to extend retroactively the transition period and delay the implementation of the permanent provisions of the 1978 Act until the date of enactment of the Amendments. To say the least, Congress chose poor language to accomplish this purpose, and, moreover, Congress apparently failed to realize that there was no need to delay the implementation of Title II of the 1978 Act because section 113 of the 1984 Amendments had rendered it ineffective.
 

 We must conclude that Congress did not intend to revive Title II of the 1978 Act. Section 113 of the 1984 Amendments serves the specific function of rendering Title II of the 1978 Act ineffective. It is this interpretation we employ in deciding the case.
 
 Accord In re Amatex Corp.,
 
 755 F.2d 1034, 1037 & n. 2 (3d Cir.1985);
 
 In re Exclusive Industries Corp.,
 
 751 F.2d 806, 807-08 & n. 1 (5th Cir.1985).
 

 3.
 
 Application to this Case
 

 The SEC claims that its direct appeal to this court is authorized by 28 U.S.C. § 1293(b). Because the 1984 Amendments rendered ineffective Title II of the 1978 Act, which would have created section 1293, that section does not now exist and therefore cannot be a basis for this court’s jurisdiction.
 

 The SEC argues in the alternative that this appeal is authorized by section 405(c)(1)(B) of the 1978 Act, 92 Stat. 2685, one of the transition provisions. The transition period, however, even if extended by section 121 of the 1984 Amendments, ended on July 9, 1984, the day before the date of enactment of the Amendments. The SEC’s notice of direct appeal to this court was filed on July 20, 1984, after the end of the transition period. Therefore, section 405(c)(1)(B) was not in effect at the time the notice was filed.
 

 The SEC argues that this appeal should nonetheless be heard because the SEC’s original notice of appeal to the
 
 district court
 
 was filed on June 22, 1984, while section 405(c)(1)(B) was still in effect. We disagree. The notice of appeal to the district court did not invoke the jurisdiction of this court, and was vacated after the notice of direct appeal to this court was filed. The notice of appeal to the district court cannot confer jurisdiction on this court to hear a direct appeal filed on a date when there was no statutory authorization for such an appeal.
 
 Accord In re Amatex Corp.,
 
 755 F.2d 1034, 1037 (3d Cir.1985);
 
 cf. Bruner v. United States,
 
 343 U.S. 112, 115, 72 S.Ct. 581, 583, 96 L.Ed. 786 (1952) (even cases already filed must be dismissed when statute removes jurisdiction of district court);
 
 Ex parte McCardle,
 
 74 U.S. (7 Wall) 506, 19 L.Ed. 264 (1869) (even cases already submitted must be dismissed when statute removes jurisdiction of the Supreme Court).
 

 We therefore conclude that we are without jurisdiction to hear this appeal.
 

 4.
 
 Transfer to District Court
 

 28 U.S.C. § 1631 provides that when we find that we lack jurisdiction over an appeal, we shall, “if it is in the interest of justice,” transfer the appeal to a court in which it could properly have been brought. Under the 1984 Amendments, a proper forum for an appeal from an order of a
 
 *767
 
 bankruptcy judge is the district court for the district in which the bankruptcy judge is serving.
 
 See
 
 28 U.S.C.A. § 158(a) (West Supp. Sept. 1984).
 
 [1]
 
 Here it is in the interest of justice to transfer this appeal to the United States District Court for the Central District of California so that whatever appeal rights the SEC may have will not be forfeited.
 
 [2]
 

 See In re Exclusive Industries Corp.,
 
 751 F.2d 806, 808-09 & n. 5 (5th Cir.1985).
 

 TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.
 

 [1]
 

 . The 1984 Amendments also authorize the Hearing of appeals by bankruptcy appellate panels,
 
 see
 
 28 U.S.C. § 158(b) (West Supp. Sept. 1984), but the Ninth Circuit’s bankruptcy appellate panel is not authorized to hear appeals of orders entered between December 25, 1982, and July 10, 1984.
 
 See
 
 Judicial Council of the Ninth Circuit, Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit § 1(e) (May 3, 1985). The order here appealed from was entered on June 14, 1984. Therefore, transfer to the bankruptcy appellate panel is not appropriate.
 

 [2]
 

 . 28 U.S.C. § 1631 requires that the notice of appeal to the transferor court have been filed within the time that a notice of appeal to the transferee court could have been- filed. That requirement is technically not satisfied in this case because Bankruptcy Rule 8002(a) requires that a notice of appeal from a bankruptcy court to a district court be filed within ten days of the entry of the order appealed from, but the SEC’s notice of appeal to this court was filed on July 20, 1984, thirty-six days after the entry of the bankruptcy court’s order on June 14, 1984. We find, however, that the SEC’s original notice of appeal to the district court, filed on June 22, 1984, eight days after the entry of the bankruptcy court’s order, serves to bring this transferred appeal within the timeliness requirement of Bankruptcy Rule 8002.
 

 Appellees argue that the order from which the SEC appeals is not appealable. The issue of the appealability of the order is for the district court.