BALDOCK, Circuit Judge,
dissenting.
I cannot agree that this case is reviewable under 28 U.S.C. § 1291 as a final order of the district court. Under the circumstances, 28 U.S.C. § 158(d) relating to bankruptcy appeals is the correct statute, not § 1291. In re Morse Electric Co., 805 F.2d 262, 263 (7th Cir.1986). Under § 158, we would lack jurisdiction.
The certification and confirmation process used by the bankruptcy and district court was not appropriate in this case. The bankruptcy court should have treated the case as a “core proceeding” under 28 U.S.C. § 157(c) because it clearly qualifies as a core proceeding under § 157(b)(2). The apparent determination that this was a non-core proceeding is appealable. 1 L. King, Collier on Bankruptcy 1Í 3.01[2][c] (15th ed. 1987). Teton filed its complaint for debt and foreclosure of liens against Bokum in state court. The case was removed to bankruptcy court after Bokum’s creditors filed an involuntary petition against Bokum. Bokum counterclaimed for breach of contract and negligence. Thus, Teton claimed against the Bokum estate in bankruptcy while the Bokum estate counterclaimed against Teton. Core proceedings include “allowance or disallowance of claims against the estate,” § 157(b)(2)(B), “counterclaims by the estate against persons filing claims against the estate,” § 157(b)(2)(C), “determinations of the validity, extent, or priority of liens,” § 157(b)(2)(K) and finally “other proceedings affecting ... the adjustment of the debtor-creditor ... relationship,” § 157(b)(2)(0). Merely because the claim and counterclaim require reference to state law would not turn this straightforward, though factually involved, bankruptcy matter into a non-core proceeding. See 28 U.S.C. § 157(b)(3) (“A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.”).
*1528 A final judgment of the bankruptcy court may be appealed as of right to the district court; an interlocutory order may be appealed to the district court with leave of court. 28 U.S.C. § 158(a). The 1984 amendments[1] to the Bankruptcy Reform Act of 1978 repealed 28 U.S.C. § 1293(b)[2] which granted the court of appeals jurisdiction to review final orders of bankruptcy courts with the consent of the parties. In re Carter, 759 F.2d 763, 766 (9th Cir.1985); In re General Coffee Corp., 758 F.2d 1406, 1409 (11th Cir.1985); In re Exclusive Industries Corp., 751 F.2d 806, 808 (5th Cir. 1985); see also In re Jones, 804 F.2d 1133, 1135 n. 5 (10th Cir.1986) (assuming without deciding that § 1293(b) was repealed by implication).
Section 157(b)(3) requires that a bankruptcy judge determine whether a proceeding is a core proceeding or is “otherwise related” (a non-core proceeding) either , on motion of a party or sua sponte. The distinction between a core and a non-core proceeding is important because it may affect the bankruptcy judge’s power to enter final orders. A bankruptcy judge may enter appropriate orders and judgments in core proceedings, 28 U.S.C. § 157(b)(1), however, in non-core proceedings it is the district court which enters final orders after considering proposed findings and conclusions submitted by the bankruptcy judge, 28 U.S.C. § 157(c)(1). If all parties consent and the district court order of reference so provides, a bankruptcy judge may enter a final order even in non-core matters.
No express determination was made concerning whether this case is a core or non-core proceeding.[3] The district of New Mexico local rules presumed that a proceeding was core unless there was a specific determination to the contrary.[4] At this stage, no party contends that the subject matter makes this a non-core proceeding. The memorandum opinion, supplemental memorandum opinion and judgment entered by the bankruptcy judge are not designated as recommended or proposed.[5] Rather it is in subsequent pleadings that the bankruptcy judge indicated that review by a district judge was requested. In any event, appeal of this matter lies first with the district court because a core proceeding is involved.
The majority opinion contends that whether a bankruptcy judge decides to enter a final order in a core proceeding is discretionary with the bankruptcy judge under 28 U.S.C. § 157(b)(1). That section provides:
Bankruptcy judges may hear and determine all cases under title 11 and all core proceeding under title 11 or arising in a case under title 11 referred in subsection (a) of this section and may enter appropriate orders and judgments, subject to review under section 158 of this title.
(emphasis of majority). If the majority approach were correct, the bankruptcy judge could also decide whether even to *1529 hear a core proceeding. Surely this is not correct. That decision rests with the district court which is empowered to refer cases to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The district of New Mexico made that referral by local rule. D.N.M.R. 31(b) (Nov. 19, 1984). Once bankruptcy cases are referred to bankruptcy judges, those cases must be handled in accordance with the Bankruptcy Code, Bankruptcy Rules and local rules. Merely because the statute uses the word “may” does not mean that the bankruptcy judge is vested with discretion to use non-core procedure when resolving a core proceeding.
Thus, I would hold that the bankruptcy judge was required to enter a final order because this was a core proceeding rather than submit a memorandum opinion, supplemental memorandum opinion and judgment to the district court for review. The distinction between core and non-core proceedings is relevant because the standard for district court review can differ. For example, when the bankruptcy judge submits recommended findings and conclusions or a proposed final order in a non-core proceeding, the district court may review de novo those matters objected to pursuant to 28 U.S.C. § 157(c)(1). On the other hand, in a core proceeding, the district court will review findings under the deferential clearly erroneous standard. In re Reid, 757 F.2d 230, 233-34 n. 5. (10th Cir.1985).
The appealable final order in this case is the judgment entered by the bankruptcy court December 31, 1984, which references the bankruptcy court’s findings and conclusions. On January 7, 1985, Teton filed a timely notice of appeal of that judgment, record vol. II at 445, to the district court. At that point, pursuant to 28 U.S.C. § 158(a), the district court was invested with jurisdiction to consider Teton’s appeal. Bokum cross-appealed to the district court, but later withdrew its cross appeal. In my view, Teton’s second notice of appeal to the court of appeals on which the majority bases jurisdiction is of no effect.
Even if this case could somehow be considered a non-core proceeding, it should still be dismissed by the court of appeals for lack of jurisdiction. Prior to the bankruptcy court’s December 31, 1984, judgment, the parties, in accordance with the Bankruptcy Code and the local rule, stipulated not only that this was a core proceeding, but also that in any event the bankruptcy court could enter findings and conclusions, as well as orders and judgments. The majority suggests that this is not binding on either the bankruptcy judge or the district court. I cannot agree.
28 U.S.C. § 157(c)(2) specifically provides that “the district court, with consent of all parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.” Thus, the district court may refer non-core proceedings to bankruptcy judges for entry of orders and judgments when the parties have consented. The district court had referred all bankruptcy cases to bankruptcy judges and contemplated that the parties could avail themselves of the above consent jurisdiction. See D.N.M. R. 31(b) & 31(g)(1) (Nov. 19, 1984). Indeed, D.N.M. R. 31(g) (Nov. 19, 1984) provided for de novo district court review of non-core proceedings heard by a bankruptcy judge “unless the parties have consented to entry of judgment by a Bankruptcy Judge.”[6] Where the parties had consented, the local rules provided, in harmony with 28 U.S.C. § 157(c)(2), that the appeal should be taken to the district court. D.N.M. R. 3(i) (Nov. 19, 1984) (“Appeals. (1) An appeal from a final or interlocutory order of a Bankruptcy Judge in a core or non-core proceeding under 28 U.S.C. § 157(c)(2) shall be taken to the District Court.”) It is axiomatic that the district *1530 court and the bankruptcy court are obligated to follow the district court’s own rules; and in this case those rules are binding. The district court has yet to exercise its proper appellate function; local rules contemplate designation of a record for the district court’s review and filing of briefs by the parties. D.N.M. R. 31(e) & (f) (Nov. 19, 1984).
The majority indicates that one of the reasons the district court’s referral pursuant to 28 U.S.C. § 157(c)(2) may be disregarded is that the parties failed to file any objections to the certification and confirmation procedure within the ten days provided by D.N.M. R. 31(g)(2) (Nov. 19, 1984). If the problem before us were not jurisdictional, that argument might have some force. However, this court’s bankruptcy jurisdiction is dependent upon the proper exercise of jurisdiction by the court below. In re Abdallah, 778 F.2d 75, 77 (1st Cir.1985), cert. denied, — U.S.-, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986). Moreover, as previously noted the certification procedure used by the bankruptcy judge to obtain district court review of his findings, conclusions and judgment does not appear to be consistent with D.N.M. R. 31(g) which governed review of non-core proceedings by a district judge. Although efficiency concerns may suggest that this appeal be treated as ready for decision, the jurisdictional problem outweighs such considerations. Congress has determined that the first appeal of core proceedings, or of non-core proceedings where the bankruptcy judge has exercised consent jurisdiction, lies in the district court. 28 U.S.C. § 158(a). We are powerless to change that.

. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, §§ 113, 122(c), 98 Stat. 343, 346.

. Bankruptcy Reform Act of 1978, Pub.L. 95-598, §§ 236, 402(b), 405(c), 92 Stat. 2667, 2682, 2685.

. In another proceeding involving this bankruptcy, the district court remanded the case to the bankruptcy court for a determination of whether a core or non-core proceeding was involved. See In re Bokum Resources Corp., 64 B.R. 924 (D.N.M. 1986).

. D.N.M. R. 31(f) (Nov. 19, 1984) provided:
Determination o/ Non-Core Proceedings. A particular proceeding shall be "non-core" under 28 U.S.C. § 157(b) only if a Bankruptcy Judge so determines sua sponte or rules on a motion of a party filed under 28 U.S.C. § 157(b)(3) within the time periods fixed above.

. D.N.M. R. 31(g)(1) (Nov. 19, 1984) provided:
Unless the parties have consented to entry of judgment by a Bankruptcy Judge, recommended findings of fact, conclusions of law and a proposed judgment and order prepared by a Bankruptcy Judge in a "non-core” proceeding pursuant to 28 U.S.C. § 157(c)(1) shall be mailed to all parties in interest by the Bankruptcy Clerk and concurrently transmitted to the District Court Clerk for assignment to a District Judge.
The rule envisions findings, conclusions, orders and judgments of a proposed nature.

. The procedure used in this case does not operate when the parties have consented to entry of judgment by the bankruptcy court because the district court has referred the non-core proceeding to the bankruptcy judge for entry of orders and judgments. D.N.M. R. 31(g) (Nov. 19, 1984). Although the district court could modify the reference and withdraw the proceeding, 28 U.S.C. § 157(d) & D.N.M. R. 31(e) (Nov. 19, 1984), such was not done here.