In re PRO MACHINE, INC., Debtor.

PRO MACHINE, INC., Plaintiff,

v.

HARDINGE BROS., INC., Defendant.

Bankruptcy No. 3–87–2465.

Adv. No. 3–88–11.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 25, 1988.

William G. Cottrell, Minneapolis, Minn., for defendant.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

The above-captioned adversary proceeding concerns claims and counterclaims of Plaintiff/Debtor and Defendant Hardinge Bros., Inc. (Hardinge) arising out of Hardinge's sale of a certain machine to Debtor in June 1986. Debtor demanded a jury trial. The Court requested the parties to brief the issue of Debtor's entitlement to such a trial at a scheduling conference held on April 20, 1988. The parties have filed the requested briefs and responsive memoranda. This Order addresses only Debtor's right to a jury trial. Based on the parties' briefs and memoranda, the record and file herein, and being fully advised in the matter, the Court makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

### THE ISSUES

Debtor is engaged in the business of manufacturing precision machined parts and casings. Hardinge manufactures and markets a computer-assisted precision tooling machine, known as an SB–3 GN Super Precision Super Slant Chucker and Bar Machine, for use in precision part production. Debtor purchased one such machine from Hardinge on June 30, 1986, for $104,940.00. By promissory note dated June 23, 1986, Debtor agreed to pay this sum to Hardinge in monthly installments of $1,749.00. Hardinge was granted a security interest in the machine pursuant to a security agreement dated June 24, 1986.

Debtor claims the machine delivered to it was defective in numerous respects; and that in spite of several attempts made by Hardinge to repair the machine, it was still defective as of January 1988. Debtor contends that, as a result of the machine's defective condition: it was forced to default on several contracts it had with the government; materials on which the ma-

Arthur Benson, Minneapolis, Minn., for plaintiff.

chine was used were damaged; and, that it ultimately was forced to file for bankruptcy.

Debtor filed a bankruptcy petition under Chapter 11 on August 19, 1987. On November 24, 1987, Hardinge filed a proof of claim in the amount of $126,678.56. As of that date, Debtor had made no payments to Hardinge on the purchase price of the machine.

In this adversary proceeding, Debtor objects to Hardinge's claim, contending that the value of the machine in its defective condition does not exceed $40,000.00. It also seeks consequential damages based on breach of contract and breach of express and implied warranties. However, by the terms of a partial settlement with Hardinge, filed on June 21, 1988, and approved by the Court on July 1, 1988, Debtor agreed that any damages to which it may be entitled, shall be recovered only to the extent needed to offset Hardinge's claim.[1]

Hardinge generally denied Debtor's allegations and specifically denied liability to Debtor for its alleged consequential damages. It asserts that the machine's current value is $85,000.00 and counterclaimed for allowance of its $126,678.56 claim. In the alternative, it requested permission to repossess the machine and amend its proof of claim accordingly.[2]

Debtor contends that bankruptcy courts can conduct jury trials; that there is a right to trial by jury in actions at law; that this proceeding is a related rather than a core proceeding, and the issues are legal rather than equitable in nature; and accordingly, it is entitled to a jury trial. It suggests, however, that the proceeding be tried in district court in light of the impracticality created by 28 U.S.C. § 157(c)(1), of trying it in bankruptcy court.

Hardinge argues that there is no federal authority for bankruptcy courts to conduct jury trials; there is no right to a jury trial in core proceedings; that this is a core proceeding; and, accordingly, that Debtor is not entitled to a jury trial.

## II.

### THE AUTHORITY OF THE BANKRUPTCY COURT TO CONDUCT JURY TRIAL

Initially, the Court observes that Local Rule 103(d) specifically provides that if there is a right to trial by jury in an adversary proceeding, the proceeding must be transferred to district court. Further, the jurisdictional statutory scheme enacted by Congress in 1984, following the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), suggests that bankruptcy courts are not to conduct jury trials.

28 U.S.C. § 157 provides the bankruptcy court limited authority to exercise district court jurisdiction. Pursuant to § 157(b)(1), bankruptcy courts can hear and determine core proceedings. In contrast, pursuant to § 157(c)(1), it can hear, but not enter final orders in, related proceedings. Core proceedings, described in 28 U.S.C. § 157(b)(2), are, with some exceptions, matters that, prior to 1978, were within the province of the bankruptcy court's equity jurisdiction and tried without a jury. Related proceedings, the subject of § 157(c)(1), are generally matters that, prior to 1978, were tried in federal district court, and tried by jury if nonbankruptcy federal law so provided. It can generally be said then, that under existing law, the bankruptcy court has authority to exercise full district court juris-

---

**1.** In its complaint, Debtor sought consequential damages in excess of $100,000.00 and did not limit its request to an offset of Hardinge's claim. Debtor also sought injunctive relief, enjoining Hardinge from repossessing the machine. As Debtor acknowledges, this latter request is moot in light of this Court's Order dated December 14, 1987, denying Hardinge's request for relief from stay and ordering Debtor to pay Hardinge adequate protection payments in the amount of $800.00 per month; it also appears moot in light

of the parties' July 1 partial settlement which indicates that Hardinge made significant repairs to the machine and agreed to extend substantial warranties to Debtor covering both the repairs and the machine.

**2.** As indicated in Footnote No. 1, this request appears moot in light of the parties' July 1 partial settlement.

diction over those matters that historically were not tried by jury; and that it lacks full authority regarding those matters that historically were triable by jury.[3]

The Bankruptcy Reform Act in 1978 vested bankruptcy courts with jurisdictional authority to hear and determine the matters previously tried in bankruptcy courts and in federal district courts. When the United States Supreme Court, in *Marathon*, held unconstitutional the jurisdictional grant of authority to the bankruptcy courts under the 1978 Act, it did so on the basis that Article III powers were unconstitutionally conferred on non–Article III judges. *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. at 84–87, 102 S.Ct. at 2878–80. While *Marathon* did not specifically hold that the bankruptcy judge's authority under the 1978 Act to conduct jury trials in and of itself rendered the jurisdictional provisions of the 1978 Act unconstitutional, the decision did cast doubt on authority of bankruptcy judges to conduct such trials.

In light of the similarity between the current and pre–1978 limitations on the bankruptcy court's authority; the historical rights to a jury trial in bankruptcy and related matters; and, in light of the doubt cast by *Marathon* upon the constitutionality of bankruptcy judges conducting jury trials, more likely than not it was the intent of Congress in enacting 28 U.S.C. § 157 that bankruptcy courts would not conduct jury trials. This conclusion is further supported by the fact that, to the extent Congress statutorily preserved the right to trial by jury in 28 U.S.C. § 1411, it provided that these trials must be conducted in district court. 28 U.S.C. § 157(b)(5).

Debtor argues that 28 U.S.C. § 1480, which was enacted as part of the Bankruptcy Reform Act of 1978, and which provided a right to trial by jury in bankruptcy court,

is still effective. However, based on the discussion in part III of this opinion, the Court concludes that this statute did not survive the the Bankruptcy Amendments and Federal Judgeship Act of 1984.

■ Based on the above, if Debtor had a right to trial by jury in the action, the proceeding would be transferred to the district court because the bankruptcy court is not authorized to conduct jury trials. However, the Court concludes that the Debtor has no right to a jury trial. Accordingly, Debtor's demand must be denied.

### III.

### THE DEBTOR'S RIGHT TO JURY TRIAL

The right to a jury trial in bankruptcy or related proceedings, exists if authorized by statute or by the United States Constitution. *In re Chase and Sanborn Corp.*, 835 F.2d 1341, 1348 (11th Cir.1988); *In re Smith*, 84 B.R. 175, 177 (Bankr.D.Ariz. 1988).

*Statutory Right to a Jury Trial*

■ 28 U.S.C. § 1411, the single statute in effect that addresses the right to a jury trial in proceedings under, arising in, or related to cases under Title 11, preserves this right only in two specific actions: personal injury and wrongful death tort claims.[4] *See* BANKR.R. 9015, Advisory Committee Note (1987) ("Section 1411, added by the 1984 Amendments, affords a jury trial only for personal injury or wrongful death tort claims ...."). Accordingly, there is no federal statutory authority grant of a right to a jury trial in most bankruptcy and bankruptcy related matters, including this adversary proceeding.

Debtor claims that 28 U.S.C. § 1480 is effective and affords it a right to a jury

---

**3.** This statement does not hold true in at least one type of proceeding. Voidable preference actions, which are now core proceedings, historically were triable by jury in federal district court if the party against whom the action was initiated, had not filed a proof of claim in the bankruptcy or otherwise consented to the bankruptcy court's jurisdiction. *See Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966).

**4.** 28 U.S.C. § 1411 states:
    (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

trial in this proceeding.[5] The Court does not agree with Debtor that the statute is still effective.

Section 113 of the 1984 Act provided that amendments made to Title 28 of the United States Code by the 1978 Act, including § 1480, would not become effective. Congress inadvertently provided in § 121 of the 1984 Act, however, that these 1978 Act amendments would become effective upon enactment of the 1984 Act. This inconsistency obviously was not intended.

The jurisdictional provisions of the 1984 Act clearly were meant to replace, not supplement those in the 1978 Act.[6] Thus, § 113 of the 1984 Amendments, rendering § 1480 ineffective, is to be given precedence over § 121(a) of the 1984 Act. *See In re Carter*, 759 F.2d 763, 766 (9th Cir. 1985) (concluding that § 121 was enacted for the purpose of retroactively extending the transition period); *Precon, Inc. v. JRS Realty Trust*, 12 BCD 824, 45 B.R. 847 (D.Me.1985).

This determination was recognized in the recent abrogation of BANKR.R. 9015. This Rule provided procedures for jury trials in bankruptcy courts, where the right to such trials existed under § 1480. BANKR.R. 9015 was abrogated, according to the Advisory Committee on Bankruptcy Rules of the Judicial Conference, because § 1480 was repealed and because § 1411 does not otherwise provide a right to trial by jury in matters before the bankruptcy judges. BANKR.R. 9015, Advisory Committee Note (1987).[7]

There is no statutory right to jury trial in bankruptcy or related matters, except as specifically provided in 28 U.S.C. § 1411. This is not such a proceeding.

*Constitutional Right to a Jury Trial*

■ The Seventh Amendment to the United States Constitution guarantees persons a right to trial by jury in actions at law; the guarantee does not extend to suits in equity.

■ Bankruptcy courts are essentially courts of equity. *Katchen v. Landy*, 382 U.S. 323, 327, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966).[8] Generally then, core proceedings, which are matters especially within the province and authority of the bankruptcy courts, are equitable proceedings, and there can be no Seventh Amendment right

---

**5.** 28 U.S.C. § 1480 states:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

Debtor argues that it is entitled to trial by jury under this statute because the issues in this proceeding are traditional state law issues and because it is requesting money damages. It claims a proceeding of this type would have been triable by jury prior to September 1979. In light of its determination that this statute is no longer effective, the Court need not address the argument.

**6.** To find otherwise, would mean that two bankruptcy court systems co-existed and further, that the system declared unconstitutional by the Supreme Court in *Marathon* would presently exist. *In re Carter*, 759 F.2d 763 (9th Cir.1985).

**7.** In support of its position, that § 1480 is still effective, Debtor cites a brief commentary made by Senators Dole and DeConcini to the effect that Congress did not intend to alter the jury trial rights existing under the 1978 Act. These statements were not made in a committee re-

port or even on the Senate floor, but apparently were made in an interview. *See In re Rodgers & Sons, Inc.*, 48 B.R. 683, 686–687 (Bankr.E.D.Okl. 1985) (relying on a Dole/DeConcini interview published in the 1984/1985 Winter American Bankruptcy Institute Newletter). Accordingly, the Court does not consider them as authorative. *See Garcia v. United States*, 469 U.S. 70, 76, 105 S.Ct. 479, 483, 83 L.Ed.2d 472 (1984). Ironically, another court relied on the same interview for a statement by Senator Dole, to the effect that Congress "goofed" in drafting § 121 of the 1984 Act and this provision should be ignored. *City Nat'l Bank of Miami v. General Coffee Corp.*, 758 F.2d 1406, 1408–09 (11th Cir. 1985)

**8.** This case is the leading case on the Seventh Amendment right to a jury trial in the context of a bankruptcy. It was decided under the Bankruptcy Act of 1898 as amended in 1938, but is nonetheless still good law. *See In re Frantz*, 82 B.R. 835 (Bankr.S.D.Tex.1988); *In re Adams, Browning & Bates, Ltd.*, 70 B.R. 490 (Bankr.E.D. N.Y.1987); *see e.g. Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 3258, 92 L.Ed.2d 675 (1986) (invoking *Katchen* as authority to sustain the Commission's jurisdiction, which was challenged because of the Commission's authorization to adjudicate state law counterclaims).

to a jury trial of them. *See Acolyte Electric Corp. v. City of N.Y.*, 69 B.R. 155 (Bankr.E.D.N.Y.1986); *In re Durbin*, 62 B.R. 139 (Bankr.S.D.Fla.1986).[9]

Related proceedings, on the other hand, are finally determined in district court. As with other federal proceedings, their legal or equitable nature is to be determined using traditional equity/law tests. *See Ross v. Bernhard*, 396 U.S. 531, 539 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970) (Whether an issue is legal in nature is determined upon an analysis of three factors: (1) the historical right to a jury trial at common law; (2) the nature of the remedy requested; and (3) the limitations of jury).

■ This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(B) classifies the allowance or disallowance of claims against the estate as core proceedings. Essentially, this proceeding involves a determination of the allowed amount, if any, of Hardinge's claim. Debtor specifically identifies one count of its complaint as an objection to the amount of Hardinge's claim. The remainder of its complaint, as it stands following the parties' July 1 settlement, is a request for damages in an amount not in excess of that needed to offset Hardinge's claim. In light of the terms of the partial settlement, the function of this claim for damages is to serve as a defense to Hardinge's claim; it will effect only the determination of the allowance or disallowance of the Hardinge's claim and will not otherwise produce a monetary benefit to the estate.

■ Debtor's claim for damages also is properly categorized as a core proceeding under 28 U.S.C. § 157(b)(2)(C), which makes counterclaims by the estate against persons filing claims against it, core proceedings. Debtor's claim for damages is couched as a complaint rather than counterclaim only because Local Rule 114(f) requires counterclaims against a claimant to be asserted by complaint in an adversary proceeding, with any objection to the claim included in the complaint. Indeed, in its objection to Hardinge's claim filed in the main bankruptcy case, Debtor described this proceeding as a counterclaim to Hardinge's claim.

This core proceeding clearly is within the equity jurisdiction of the bankruptcy court and triable in equity on that basis. The Supreme Court in *Katchen v. Landry* held that submission of a claim in a bankruptcy case transforms the claim from a legal to an equitable claim, and that the determination of the allowance or disallowance of the claim is within the equity jurisdiction of bankruptcy courts, triable without a jury. *See* 382 U.S. at 336. It also indicated that the Bankruptcy Court's equity jurisdiction encompasses requests for relief on counterclaims related to a creditor's claim, where the counterclaim serves as a defense to the creditor's claim. 382 U.S. at n. 12, 336–337.

The fact that the underlying issues involved in this adversary are traditional state law issues does not alter its equitable nature. As stated by the Supreme Court in *Katchen:*

> [T]he right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the Court itself, no matter what may be its importance or complexity.

.  .  .  .  .

**9.** A line of cases specifically rejects the view that *Katchen v. Landry* stands for the proposition that all proceedings finally determined in bankruptcy court are necessarily equitable. *See In re Adams, Browning & Bates, Ltd.*, 70 B.R. at 495, 496 (Bankr.E.D.N.Y.1987) (and cases cited therein). Those courts claim that acceptance of this proposition would mean Congress could deny a person his Seventh Amendment guarantee simply by vesting the Bankruptcy Court with final authority over matters that were otherwise legal. They would determine entitlement to a jury trial in core proceedings using traditional equity/law tests.

This view has significance, at least in voidable preference actions. These actions were specifically characterized as legal and triable by jury by the Supreme Court in *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932). The *Katchen* Court affirmed this determination to the extent that the preferred creditor had not filed a proof of claim in the bankruptcy or otherwise consented to the bankruptcy court's jurisdiction.

So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankruptcy estate, which would ordinarily be pure cases at law and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they would become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus, a claim of debt or damages against the bankrupt is investigated by chancery methods.

*Katchen v. Landry,* 382 U.S. at 337, 86 S.Ct. at 477 (citing *Barton v. Barbour,* 104 U.S. (4 Otto) 126, 133–134, 26 L.Ed. 672 (1881).

Accordingly, Debtor has no Seventh Amendment right to a jury trial.

## IV.

### DISPOSITION

Based on the foregoing, the Court concludes that the Debtor has no right to a jury trial in this proceeding. Accordingly,

IT IS HEREBY ORDERED: Debtor's demand for a jury trial is denied.