**In re SJI, INC., Debtor.**

**SJI, Inc., Plaintiff,**

v.

**Wade Staehnke and Sandra Staehnke, Defendants.**

**Bankruptcy No. 08–61197.
Adversary No. 10–06023.**

United States Bankruptcy Court,
D. Minnesota.

Dec. 29, 2010.

---

Bruce L. Meyer, Robert A. Woodke, Brouse Woodke & Meyer, Bemidji, MN, for Plaintiff.

Caren L. Stanley, Vogel Law Firm, Fargo, ND, for Defendants.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard September 28, 2010, on motion of Defendants Wade and Sandra Staehnke for abstention pursuant to 28 U.S.C. § 1334(c)(1). Jon Brakke appeared on behalf of the Staehnkes and Robert A. Woodke appeared on behalf SJI, Inc. The Court, having considered oral arguments and reviewed briefs filed by the parties, now being fully advised in the matter, makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

The debtor's petition was filed on November 21, 2008, and its plan was confirmed on June 16, 2010. Defendant Wade and Sandra Staehnke filed a claim in the case in the amount of $86,221.99, arising from the remodeling of their home by the debtor prior to the petition. The debtor objects to the claim and counterclaims for breach of contract in the amount of $146,000, for additional unpaid materials and labor provided and performed in connection with the project. The counter-

claim also alleges that the plaintiff debtor is owed $248,465.20, based upon quantum meruit, plus interest, costs and disbursements and reasonable attorney fees. The defendants filed this motion seeking abstention by the Court in liquidating the claim and counterclaim because the claims and counterclaims involve the application of only state law. There is no state court action pending. The motion for abstention is denied because the Court finds that the issues are not complex, the resolution can be had more timely and at less cost in the bankruptcy or Article III federal district court, and timely resolution will significantly impact consummation of the debtor's confirmed plan.

## II

Jurisdiction to hear bankruptcy cases and proceedings is vested in the federal district courts. 28 U.S.C. § 1334. The authority of bankruptcy courts to hear and decide bankruptcy cases and proceedings is found in 28 U.S.C. § 157.

§ 157. Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

Bankruptcy proceedings are either core or related proceedings. Bankruptcy judges are authorized to hear and enter final orders and judgments, subject to appeal, in core proceedings. 28 U.S.C. § 157(b). They may hear related proceedings and make recommendations of findings of fact and conclusions of law to the Article III unit of the district court, which will act upon the recommendations and consider de novo any matters to which a party has timely objected. 28 U.S.C. § 157(c).

Bankruptcy judges are not required to hear either core or related proceedings. They can abstain from hearing them under 28 U.S.C. § 1334(c)(1), and, with respect to related proceedings in this district, can transfer them to the Article III unit of the district court. Rule 5011–3 *Loc. R. Bankr. Proc.*

## III

■ The defendants seek abstention by the Court from liquidating the claims and counterclaims of the parties under 28 U.S.C. § 1334(c)(1), which provides:

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

A number of factors are appropriate for consideration the context of a request for abstention under § 1334(c)(1). See: *In re Williams,* 256 B.R. 885, 894 (8th Cir. BAP 2001). Here, the relevant considerations are:

(1) the effect or lack thereof on the efficient administration of the estate if the court abstains,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficult or unsettled nature of the applicable law,

(4) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(5) the substance rather than the form of an asserted "core" proceeding,

(6) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, and

(7) the existence of a right to a jury trial.

■ State law issues predominate bankruptcy issues in this proceeding (2), and it would not be difficult to sever liquidation of the claims from their allowance and enforcement (6). But, the claims and counterclaims are fact driven and the applicable state law is clear and well settled contract law (3). These considerations, taken together, do not present a situation favoring abstention.

The proceeding is substantially related to the bankruptcy case (4) in that resolution will significantly impact consummation of the confirmed plan. Payment of unsecured creditor class claims will be significantly affected by the outcome, and the efficient administration of the plan (1) would best be served by an expeditious resolution of the proceeding, which can only be assured by its retention in federal court.

The more serious considerations are the extent to which the proceeding is core (5) and the defendants' potential right to a jury trial (7). The two are related. To the extent the proceeding is core, the defendants have no right to a jury trial. But, to the extent that the proceeding is related, they are entitled to one.

28 U.S.C. § 157(b)(2)(C) appears to resolve the core nature of the plaintiff's counterclaim.

(2) Core proceedings include, but are not limited to—

(C) counterclaims by the estate against persons filing claims against the estate;

But, viewed in a Constitutional context, it is not so clear. This Court, in *Pro Machine, Inc., v. Hardinge Bros., Inc.,* 87 B.R. 998 (Bankr.Minn.1988), recognized that counterclaims, otherwise non core, asserted with claim objections can be core proceedings where they are asserted defensively. Here, the counterclaims are partly offensive. The plaintiff seeks not only offset against the defendants' filed claim, but a substantial money judgment against them.

In *Marshall v. Stern,* 600 F.3d 1037 (9th Cir.2010), the ninth circuit court of appeals ruled that a counterclaim asserted with an objection to claim is a core proceeding only where it is so closely related to the proof of claim that the resolution of the counterclaim is necessary to resolve the allowance or disallowance of the claim itself.[1] In that case, the court found that the bankruptcy estate's counterclaim for tortious interference with an expected inter vivos gift was not core, even though compulsory, when asserted along with an objection to a claim that was based on defamation. On August 3, 2010, the estate filed a *Petition For A Writ Of Certiorari*[2] in the United States Supreme Court. On September 28, 2010, the Supreme Court granted the *Petition* for these questions:

1. Whether the Ninth Circuit opinion, which renders § 157(b)(2)(C) surplusage in light of § 157(b)(2)(B), contravenes Congress' intent in enacting § 157(b)(2)(C).

2. Whether Congress may, under Articles I and III, constitutionally authorize core jurisdiction over debtors' compulsory counterclaims to proofs of claim.

---

**1.** There exists a significant split among the circuits on the scope of 28 U.S.C. § 157(b)(2)(C). See: Hon. Nancy C. Dreher, Bankruptcy Law Manual § 2A:12 n. 10 (5th ed. Nov. 2010).

**2.** *Stern v. Marshall,* 2010 WL 3068082 (U.S.)

3. Whether the Ninth Circuit misapplied *Marathon* and *Katchen*[3] and contravened this Court's post-*Marathon* precedent, creating a circuit split in the process, by holding that Congress cannot constitutionally authorize non-Article III bankruptcy judges to enter final judgment on all compulsory counterclaims to proofs of claim.

*Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 63, 177 L.Ed.2d 1152, (Sept. 28, 2010). The case is pending.

The extent to which the plaintiff's counterclaims are core proceedings is best left for determination in the light of a decision by the Supreme Court in *Stern v. Marshall.* Any related proceeding can be transferred to the federal district court for trial pursuant to Rule 5011-3 *Loc. R. Bankr.Proc.* In the meantime, the proceeding can go forward in the pretrial phase in bankruptcy court. This way, resolution of the issues can be more efficient, more timely and less costly.

## IV

Accordingly, it is hereby ordered that the defendants' motion for abstention is denied.

**3.** *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Katchen v. Landy,* 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966).